134 N.J. Super. 522 (1975)
342 A.2d 231
LOUIS D. ARUTA AND RUTH M. ARUTA, PLAINTIFFS-APPELLANTS,
v.
JULIUS STEFAN KELLER, ALSO KNOWN AS STEFAN KELLER, ALSO KNOWN AS JULIUS GEORGE STEFAN KELLER AND FILIGRANBAU STEFAN KELLER, K.G., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 20, 1975.
Decided June 11, 1975.
*524 Before Judges MATTHEWS, FRITZ and BOTTER.
Messrs. O'Brien, Devlin & Shaw, attorneys for appellants (Mr. John W. Devlin, on the brief).
Messrs. Schneider, Schneider & Behr, attorneys for respondents (Mr. C. Conrad Schneider, on the brief).
*525 The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiffs appeal from a summary judgment dismissing their amended complaint on the ground that their claims are barred by the statute of limitations.
Plaintiffs' amended complaint alleges that on March 9, 1970 plaintiff Louis D. Aruta (Aruta) was injured during the course of his employment by an automatic round steel rod fabricating machine manufactured by defendants Filigranbau Stefan Keller K.G. and Julius Stefan Keller, also known as Stefan Keller, also known as Julius George Stefan Keller. The complaint asserts claims for damages for personal injuries to Aruta and loss of consortium for his wife. Breach of warranty, negligence and strict liability are the asserted grounds for liability.
On March 9, 1972 plaintiff filed a complaint in the Superior Court, Law Division, against George [Georg] Keller and X-Trager Keller K.G. asserting the same claims. Plaintiffs' attorneys had been advised by the insurance company of Aruta's employer that the machine in question had been purchased "directly from the manufacturer, X-Trager Keller Company, Munich, Germany."[1] By their answer said defendants denied that they had manufactured and sold the machine to Aruta's employer.
During the course of discovery plaintiffs learned that they had named and served the wrong parties. On motion, leave was granted to plaintiffs to amend their complaint substituting the proper parties, and the discovery period was enlarged. The original defendants were released from the case on their cross-motion for summary judgment. In February 1973 plaintiffs' amended complaint was served by mail upon the present defendants.
In 1960 Aruta's employer contracted with the present defendants for the manufacture and sale of the machine. In *526 that written agreement the individual defendant was named as "Julius Stefan Keller, also known as Stefan Keller, also known as Julius Georg Stefan Keller." The machine was used until sometime in 1972 when it was replaced by a machine manufactured by the original defendant, X-Trager Keller K.G.
Discovery further disclosed that the machine on which plaintiff was injured was designed by defendant Julius Georg Stefan Keller and a Mr. Fischer. Defendant Julius Georg Stefan Keller is the brother of the original defendant, Georg Keller. In answers to interrogatories the present defendants denied that they had received knowledge of the original action in March or April 1972, but stated that they first became aware of the action when they received the summons in early 1973 and were "then informed by Georg Keller that the man injured had not been hurt on his machine." Defendants assert that the two firms had no relationship until 1973.[2]
The trial judge dismissed the action on the ground that the amendment "brings in a completely different defendant." The trial judge noted that the amendment went beyond a mere correction of the name of a proper party who had been served within time. The trial judge also found merit in defendants' contentions that they were prejudiced by the delay since the machine is no longer available for inspection, *527 apparently having been disassembled when replaced by the new machine in 1972. In his letter opinion of April 1974, however, the trial judge neither cited nor discussed the effect of Farrell v. Votator Div. of Chematron Corp., 62 N.J. 111 (1973).
The Farrell case dealt with a similar claim brought against the maufacturer and seller of a machine which caused injury to a factory worker. It was alleged that the machine was not equipped with a suitable guard. Not knowing the name of the manufacturer, and being close to the expiration of the two-year limitation period, a complaint was filed which included "John Doe and/or John Doe, Inc." as the fictitious name of the alleged "assembler, supplier or seller" of the machine. 62 N.J. at 113. Joinder of the properly named defendant after the two-year period was held timely. The court said:
When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action. Where, however, the plaintiff does not know or have reason to know that he has a cause of action against an identifiable defendant until after the normal period of limitations has expired, the considerations of individual justice and the considerations of repose are in conflict and other factors may fairly be brought into play. [62 N.J. at 115]
It has been "repeatedly recognized that a limitation statute such as N.J.S.A. 2A:14-2, which provides without further definition that the proceeding shall be commenced within 2 years after the cause of action `shall have accrued,' is subject to later judicial interpretation and application even though the interpretation and application have the effect of lengthening the defendant's jeopardy." Id. at 121. We recognize that in holding that the cause of action was not barred Farrell noted that the cause of action was not changed nor was a new party added by the amendment. The amendment simply identified Votator as the true name of the party theretofore named fictitiously. Id. at 120.
*528 An action is commenced by the filing of a complaint. R. 4:2-2. There is no question that this action, intended to assert this very claim against the manufacturer of the machine, was commenced, literally, within two years after its accrual as specified in N.J.S.A. 2A:14-2. Nevertheless, the mere fact that a complaint has been filed within the period of limitations has not prevented the bar of the statute from applying to certain parties not named in the original pleading. Compare McGlone v. Corbi, 59 N.J. 86, 94-97 (1971), with Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326, 339-345 (1970).
There is express provision in the Rules of Court for determining when amendments relate back to the filing of the original pleading, for tile-limitation purposes. R. 4:9-3. The rule provides, generally, that a claim or defense asserted in the amended pleading relates back to the date of the original pleading if it arose out of the occurrence set forth or attempted to be set forth in the original pleading. By the 1969 revision of the Rules a second sentence was added to R. 4:9-3 allowing a party to be brought in by amendment if "within the period provided by law for commencing the action against him" the party had received "such notice of the institution of the action that he will not be prejudiced" in defending, and if the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." This rule change added verbatim the 1966 amendment to the comparable federal rule. Fed. R. Civ. P. 15(c). See 6 Wright and Miller, Federal Practice and Procedure (1971), § 1496; cf. Annotation, "Change in party statute of limitations has run," 8 A.L.R.2d 6 (1949).
For the purposes of this appeal we accept as a fact that Georg Keller did not discuss plaintiffs' claim with his brother Julius Georg Stefan Keller until after the proper parties had been served. It was then, according to Julius Georg Stefan Keller's answers to interrogatories, that his brother Georg *529 told him that "the man injured had not been hurt on" Georg's machine. Since the Keller brothers are in Germany their depositions have not been taken, nor have they testified in court. But cf. Lopez v. Swyer, 62 N.J. 267, 275 (1973), where, in holding that the trial judge should determine whether the limitations period should be extended for a claimant who has not discovered that he has an actionable claim until after the statute has run, the court stated that the issue generally "will not be resolved on affidavits or depositions since demeanor may be an important factor where credibility is significant."
To the extent that R. 4:9-3 suggests that a new party cannot be added in the circumstances of the case at hand, we find the rule unduly confining. It should be relaxed in the interests of justice. R. 1:1-2. As noted in Farrell, supra, interpreting the statute of limitations, N.J.S.A. 2A:14-2, is a judicial responsibility. Once an action is commenced by the filing of a complaint within time, judicial interpretation is essential to determine whether joinder of a properly named party may be considered timely thereafter. We see no practical difference between the institution of an action against a fictitiously named party as in Farrell, supra, whose true identity is thereafter discovered, and the instant case where plaintiffs, presumably in good faith and with some justification,[3] served parties believed to be the correct parties. The new defendants are in identical position in both cases. The form of the original complaint, when a defendant is named "John Doe," should not govern. As stated in Farrell, supra, the issue is one of balancing interests, of individual justice and repose. The good faith and reasonableness of plaintiffs' conduct must be measured *530 against a claim of prejudice to defendants. Farrell, supra, 62 N.J. at 122.
In this case the trial judge concluded that defendants would be prejudiced because the machine has been disassembled or no longer exists. However, this circumstance alone does not establish prejudice, although it is a factor to be considered. A photograph of the machine is available. Where plaintiffs allege negligence in design, and the design is not in dispute or can be readily established, the existence of the actual machine may not be essential to prove the claim or defense.
Accordingly, we hold that the action should be remanded for trial. It would appear desirable to have the statute of limitations issue resolved first. The criteria to be considered include good faith and reasonableness in the course pursued, diligence in seeking to substitute the proper party, and an evaluation of prejudice to the defendant by reason of the late notice additional to the normal period of limitations. Ordinarily, a finding on a factual issue resolved by summary judgment would be considered the law of the case. See State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971). Nevertheless, because the issue of notice was resolved by a procedure contrary to that recommended in Lopez v. Swyer, supra, we leave it to the discretion of the trial judge, on application of plaintiffs, to include that issue in the hearing on the applicability of the statute of limitations.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] The insurer was apparently the employer's workmen's compensation carrier, since the letter referred to an understanding that plaintiffs would institute a third-party action.
[2] Written interrogatories answered by defendants include the following:

16. Set forth in complete detail what, if any, relationship, financial or otherwise, you have or had with the entity known as X-Trager Keller, K.G.
No relationship whatsoever until 1973. Stefan Keller had no interest in the Georg Keller firm and Georg Keller had no interest in Stefan Keller firm. Georg Keller sold his interest in his company in 1973. The new owners formed a company and Stefan Keller became director temporarily until a new director could be found. No directors of one company are connected with the other company. For a short time both companies were in the same building, not same office, but not in same building since 1971.
[3] The identity in surname of the brothers Keller as well as the place of business of their firms (n. 2, above) may have led to the misinformation obtained from plaintiffs' employer who had owned the machine in question. Reliance on that information would appear reasonable.