158 N.J. Super. 550 (1978)
386 A.2d 897
NAOMI MILETTA, EXECUTRIX OF THE ESTATE OF ANTHONY J. MILETTA, PLAINTIFF,
v.
JOHN DOE (A FICTITIOUS NAME), BRUNSWICK FABRICATORS, INC., RAYBESTOS MANHATTAN, INC., INDUSTRIAL SUPPLIES, BRIDGETON PLUMBING, HAJOCA CORP., JOHNS MANVILLE, ATLAS ASBESTOS COMPANY, AND NICOLET INDUSTRIES, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 7, 1978.
*552 Mr. Charles A. Little for plaintiff (Messrs. Bleakly, Stockwell & Zink, attorneys).
Mr. John N. Beidler for defendant Atlas Asbestos Co. (Messrs. Smith, Stratton, Wise and Heher, attorneys).
Mr. Barry A. Perlow for defendant Nicolet, Inc. (Messrs. Horuvitz, Perlow & Ritter, attorneys).
MILLER, J.C.C. (temporarily assigned).
This matter comes before the court on identical motions brought on behalf of defendants Atlas Asbestos Co. and Nicolet, Inc. They seek to vacate a previous order of this court whereby leave was granted to plaintiff to file a third amended complaint naming as direct defendants Atlas Asbestos and Nicolet. Alternatively, they seek to dismiss the third amended complaint as against them.
Plaintiff's decedent died on August 1, 1974. On July 23, 1976 a complaint for wrongful death was filed by plaintiff as executrix of his estate, naming as defendants "John Doe (a fictitious name representing one or more corporations and/or companies engaged in the business of manufacturing and/or distributing products containing asbestos)".
By order dated February 7, 1977 plaintiff was granted leave to file an amended complaint naming as defendants the following: Brunswick Fabricators, Inc., Raybestos Manhattan, Inc., Industrial Supplies, Bridgeton Plumbing, and Hajoca Corp.
Again, on July 8, 1977 leave was granted permitting plaintiff to file a second amended complaint naming Johns Manville in addition to the above defendants.
Thereafter, on August 11, 1977 defendant Brunswick Fabricators filed a third-party complaint against Atlas Asbestos and Nicolet.
Finally, on November 22, 1977 leave was granted permitting plaintiff to file a third amended complaint naming as direct defendants Atlas Asbestos and Nicolet in addition to *553 those defendants named in the first and second amended complaints.
Defendants Atlas Asbestos and Nicolet contend that the order of November 22, 1977 permitting plaintiff to file her third amended complaint was improperly granted in that no notice was given to them.
The procedure whereby a plaintiff is permitted to amend his complaint in order to assert a direct claim against a third-party defendant is set forth in R. 4:8-1(b), which in relevant part, states:
... The plaintiff, within 20 days after service of the third-party complaint upon him, or if the defendant has sought leave, within 20 days after service upon him of the order granting such leave, may amend his pleading to assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff; thereafter plaintiff may so amend his pleading only by leave of court on notice to the parties to the action. [Emphasis supplied]
Plaintiff argues that her motion to amend her complaint was filed before either of the third-party defendants had filed their answer and therefore could not be noticed. Not so. Plaintiff states in her brief that a copy of the third-party complaint was served upon her on June 29, 1977, yet her motion to amend was not filed until September 1, 1977. It is obvious that plaintiff was at that time well aware of the identity and location of these defendants. Service upon them could have been properly made. R. 1:5-2; 4:4-4(c)(1). Since she failed to properly notify the defendants the order was improperly granted and is hereby vacated.
Defendants argue that the third amended complaint must be dismissed as against them on the grounds that it was filed outside the applicable limitations period.
The rule as to when amendments relate back may be found at R. 4:9-3, which reads in pertinent part:
* * * An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for *554 commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
In addition, the Comment to this rule appearing in Pressler, Current N.J. Court Rules, at 568, is illustrative:
* * * As to the relation-back of an amendment of the complaint by the plaintiff for the purposes of seeking recovery against a third party defendant where the third party defendant was impleaded prior to the expiration of the statute of limitations but the amendment was filed thereafter, see Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326, 339-345 (1970).
* * * An impleader after the running of the statute of limitations on plaintiff's claim against the third party will not, however, entitle plaintiff to amend to allege that claim against him. See McGlove [McGlone] v. Corbi, 59 N.J. 86 (1971) * * * [Emphasis supplied]
N.J.S.A. 2A:31-1 et seq., the Wrongful Death Act, creates a cause of action which may be commenced within two years of decedent's death. N.J.S.A. 2A:31-3. It must follow that the third amended complaint whereby plaintiff has made a direct claim against defendants Atlas Asbestos and Nicolet would be timely filed only if the filing of the third-party complaint against them fell within two years of the accrual of plaintiff's cause of action against these defendants. Since decedent died on August 1, 1974, the statute had run on August 1, 1976 prior to the August 11, 1977 third-party complaint.
Plaintiff counters this argument by citing N.J.S.A. 2A:14-22 and Lackovie v. New England Paper Tube Co., Inc., 127 N.J. Super. 394, 398 (Law Div. 1974), for the proposition that the statute of limitations should be considered tolled as to each of the moving parties since neither is a New Jersey corporation. The tolling provision of N.J.S.A. 2A:14-22 by its own terms applies only to those actions specified therein. Enumerated in the statute are actions *555 which fall under N.J.S.A. 2A:14-1 to 5 and N.J.S.A. 2A:14-8. No mention is made of actions commenced under N.J.S.A. 2A:31-1 and limited by N.J.S.A. 2A:31-3. It follows, therefore, that N.J.S.A. 2A:14-22 is not applicable here and that plaintiff's action is barred by the statute of limitations.
Finally, plaintiff attempts to avoid the statute of limitations by citing Farrell v. Votator Div. of Chematron Corp., 62 N.J. 111 (1973), and its progeny. In Farrell plaintiff filed his complaint against a fictitiously named defendant with the appropriate description, within the limitations period. After the applicable statute of limitations had run plaintiff learned defendant's true name and was permitted to amend his complaint with the amendment relating back to the commencement of the action.
Unfortunately, this procedure was not followed in this case. Although plaintiff's original complaint named as defendant "John Doe" who was described with sufficiency, plaintiff's first and second amended complaints omitted any reference to "John Doe," substituting specifically named defendants for this fictitious name. Not until November of 1977 did plaintiff attempt to revive "John Doe" by naming him as defendant in her third amended complaint. It is also worthy of note that "John Doe" was nowhere mentioned in the body of any pleading subsequent to the original complaint, nor was judgment ever demanded of him after the substitution of those defendants named in the first, second and third amended complaints.
New Jersey has long recognized the validity of the "John Doe" or fictitious name practice. R. 4:26-4. The purpose of this rule is to allow a plaintiff faced with a time limitation to institute his action and thereafter, upon learning the true name of his "John Doe" defendant, amend his complaint to specifically name him. It does not, however, allow a plaintiff to add a new party after the statute has run. In Farrell the court stated: *556 The plaintiff's cause of action was not changed, nor was a new party added by the amendment identifying Votator as the true party referred to under the fictitious name John Doe in the original complaint. [62 N.J. at 120]
In the case at bar, however, Atlas Asbestos and Nicolet, Inc. are clearly new parties. The John Doe named in the original complaint had been substituted by the specifically named defendants in the first and second amended complaint. Plaintiff cannot by use of a "John Doe" indefinitely toll the statute of limitations so as to allow bringing in a recently discovered defendant long after the statute had run. Logic dictates that there must be an end at some point in time.
Based upon the foregoing, the third amended complaint is dismissed as to defendants Atlas Asbestos and Nicolet, Inc.