**Alexander ROBBINS, Plaintiff,**

v.

**MARINE TRANSPORT LINES, INC.,
et al., Defendants.**

Civ. No. 79–3421.

United States District Court,
D. New Jersey.

Aug. 4, 1981.

Francis J. Dooley, Orange, N. J., for plaintiff.

Morley, Cramer, Tansey, Haggerty & Fanning by James S. Cramer, Woodbridge, N. J., for defendant Union Carbide Corp.

OPINION

BIUNNO, District Judge.

Robbins was a "wiper" on a ship owned by Union Carbide, for which Marine Transport Lines, Inc. was acting as disclosed agent.

On November 29, 1979, this complaint was filed against Marine Transport and the ship, but without warrant to arrest the ship, asserting claims for injuries and other relief under the Jones Act, 46 U.S.C. § 688. (Shipping)

Service on Marine Transport was not effected until May 27, 1980, evidently due to loss of the papers in the office of the U.S. Marshal in New York, where they had been sent for service.

On December 22, 1980, Robbins filed a motion for leave to amend by adding Union Carbide Corporation as a defendant. The magistrate entered an order granting the motion on January 14, 1981. The amended complaint was filed January 26th, and the summons with amended complaint were served February 20th. After answer filed, which raised the statute of limitations as a separate defense, this motion followed, asserting non-compliance with Rule 15(c), F.R.Civ.P.

A motion to dismiss grounded on the statute of limitations is not a motion under Rule 12(b), F.R.Civ.P. and since matters outside the pleadings have been presented (copies of correspondence not in dispute, excerpts from depositions and an affidavit of plaintiff's attorney), the motion is treated as a motion for summary judgment as to Union Carbide.

The most recent date found when an injury could have occurred is March 14, 1977. The last day of the 3-year period of limitations, 45 U.S.C. § 56, (Railroads) was March 14, 1980.

A civil action is commenced or instituted by filing the complaint, Rule 3, F.R.Civ.P., for the purposes of the statute of limitations. Thus, the November, 1979 filing was within time as to Marine Transport.

The amended complaint adding Union Carbide was not filed until January 26, 1981, more than 10 months after the statute

had run. It is only when the conditions of Rule 15(c), F.R.Civ.P. are satisfied that the filing of an amended complaint to add a new party can "relate back", i.e., be treated as though filed when the original complaint was filed for purposes of the statute of limitations.

Ordinarily, once the applicable statute of limitations has run, there vests in the person against whom the claim might have been made if timely filed, a right to be free of the claim. Under current law, it is the rules of practice that determine with certainty when an action is commenced, and Rule 3, F.R.Civ.P. specifies the filing of the complaint as that event. Since Rule 15(c) is also part of the practice rules, its provisions in respect to relation back, when satisfied, have the effect of making the original filing date controlling as to the statute of limitations. This is a legal fiction, of course, but it has been part of the Rules since January, 1938 and so prevents a vesting thereafter.

In this case, however, the requirements of Rule 15(c) are not met, and the newly asserted claim against Union Carbide cannot relate back to November 29, 1979 when the original complaint was filed against Marine Transport. The result is that the civil action against Union Carbide was not commenced until the amended complaint was filed on January 26, 1981, well beyond the period of the statute.

For Rule 15(c) to have been satisfied when a new party is brought in by amendment, it must appear that *within the period provided by law* for commencing the action against him (i.e., within the period of limitation) the new party has received notice "of the institution of the action," i.e., the original action in which he was not named.

Assuming that Marine Transport is treated as Union Carbide's agent for this purpose, namely that Union Carbide will be taken to have received notice that the action against Marine Transport had been instituted when Marine Transport did, that event did not occur until May 27, 1980, more than two months after the statute had run.

Thus, the first conceivable notice to Union Carbide that the original action had been instituted was on the date service was effected on its agent, and that occurred after the statute had run.

The rule is clear and explicit, and needs no construction or interpretation. This essential condition for relation back was not satisfied.

The affidavit of plaintiff's attorney explains that summons issued to the U. S. Marshal in Newark with instructions to serve Marine Transport in New York. Under the usual practice, the summons and complaint were sent to the U. S. Marshal in New York, and in some way they were lost or misfiled, a new set of papers was sent and eventually served but not until May 27, 1980, nearly six months after filing and more than 2 months after the statute had run.

The Congress has failed to provide adequate funds to enable the U.S. Marshal to effect service promptly in civil cases. There is a heavy burden on that staff for criminal cases, and the volume of civil cases has erupted in recent years.

Rule 4(c) F.R.Civ.P. has long provided authority to the court to enter orders of special appointment for service of process by persons other than the U.S. Marshal or his deputy. In this District the court has authorized the Clerk of the court to issue such orders and has widely publicized that fact to the members of its bar by prominent notices in the New Jersey Law Journal, the official organ for that purpose not only for this court but for the Supreme Court of New Jersey as well.

Had that course been followed, Marine Transport could have been served well within the statute of limitations which had four months to run when the original complaint was filed.

For compatible rulings reaching the same result, see:

*Craig v. U. S.*, 413 F.2d 854 (CA–9, 1969);

*Archuleta v. Duffy's Inc.*, 471 F.2d 33 (CA–10, 1973);

*Slack v. Treadway Inn*, 388 F.Supp. 15 (D.Pa., 1974)

Robbins argues further, however, that insofar as the claim is grounded on "unseaworthiness", it is laches, not the statute of limitations that controls.

What this means, of course, is that limitations statutes are not conclusive; they are also not immaterial, and must be looked to along with all the other circumstances bearing on the issue. See, *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

Laches, of course, are the combination of unexcused or inexcusable delay coupled with prejudice, and the equities are governed by the exercise of sound judicial discretion in light of the facts of each case.

The delay here is wholly unexcused. Answers to interrogatories given by Marine Transport carry a photocopy of the Certificate of Discharge issued to Robbins on March 15, 1977 showing his discharge on March 14, 1977, the day before. That document which he then received names Union Carbide as his employer.

Putting that knowledge aside, his attorney wrote Marine Transport on March 13, 1978 making a claim on Robbins' behalf. Marine Transport replied March 31, 1978 asking for elaboration, and the letter is signed:

"UNION CARBIDE CORPORATION
MARINE TRANSPORT LINES, INC.,
AGENT."

More than a year later, on April 17, 1979, the attorney wrote again, saying that he had no response to his earlier inquiry. All letters submitted as sent from Marine Transport to the attorney carry the same form of signature quoted above. See Exh. 1 through 6 submitted with plaintiff's brief.

That there was prejudice is displayed by the deposition of Robbins and his inability to establish dates, names of witnesses and other facts, in the face of the absence of entries in the logs of the vessel.

In this Circuit, the rule is that a suit based on the Jones Act and for unseaworthiness is barred by the 3-year statute and by laches, unless the claimant comes forward with facts to show that the delay is excusable and that the defendant is not prejudiced. See, *Ward v. Union Barge*, 443 F.2d 565 (CA 3, 1971) and *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946 (CA 3, 1971).

In this case, the facts produced by defendant show inexcusable delay and prejudice. Aside from the 1977 discharge naming Union Carbide as the employer, the letters of March 31, 1978 (Exh. 2), June 26, 1979 (Exh. 5) and June 27, 1979 (Exh. 6) all name Union Carbide as the sender, acting through Marine Transport as its Agent. The deposition of Robbins shows prejudice. None of these showings is met in any way.

Submit order for summary judgment as to Union Carbide.