**Linda T. ANASTASIO, Plaintiff,**

v.

**HOLIDAY INNS, INC., Roxbury Motel Associates, Inc., Wilcox International, Inc., and Rubber Queen Products, a division of Pretty Products, Inc., Defendants.**

Civ. No. 79–3470.

United States District Court, D. New Jersey.

Feb. 22, 1982.

Dean Lynch, Hackensack, N. J., for plaintiff.

Blatz & Blatz, Plainfield, N. J., for defendant Wilcox International.

Ryan & Gannon, Newark, N. J., for defendant Rubber Queen Products, division of Pretty Products, Inc.

## OPINION

BIUNNO, District Judge.

This is a personal injury suit for injuries said to have been caused when a rubber mat slipped and plaintiff fell, at a Holiday Inn in New Jersey where she was a guest. Jurisdiction in this court is grounded on diversity of citizenship.

Two defendants, Wilcox International, Inc. and Rubber Queen Products, a division of Pretty Products, Inc., were brought into the case by amendment. In each case, the amendment to add the party was filed more than two years after the cause of action arose, and a two year statute of limitations applies, N.J.S.A. 2A:14–2.

There is no issue here about tolling the statute under New Jersey's "discovery" doctrine. Plaintiff was aware of the injury when it occurred and was taken to a nearby hospital then and there.

Roxbury International is an Illinois corporation. Pretty Products, Inc. is an Ohio corporation.

The substantive law in this case is necessarily governed by New Jersey law under the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). On matters of procedure, however, federal law controls, at least where there is a procedural rule on the subject, *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

The New Jersey statute of limitations involved, N.J.S.A. 2A:14–2 is silent about

the effect of bringing in a new party to a pending suit. It merely says that:

> "Every action at law for an injury to the person * * * shall be commenced within 2 years next after the cause of any such action shall have accrued."

This text was enacted by N.J.P.L.1951, c. 344, effective January 1, 1952 as the Title 2A Revision to replace Title 2 of the N.J. Revised Statutes of 1937.

Before the structure of the present judicial branch became effective on September 15, 1948, the law of New Jersey was that an action at law was commenced, for purposes of the statutes of limitation, when the summons was issued with the intention to serve it promptly. The new N.J. Court Rules, which took effect when the new court structure did, specified that a civil action is "commenced" by filing a complaint with the court. See N.J. Court Rule 4:2-2, and compare with F.R.Civ.P. 3. This event now controls satisfaction of the statute of limitations.

The draftsmen of Title 2A knew, when they prepared that revision, that the event measuring when an action was "commenced" was the filing of the complaint under the Rules of Court in effect from 1948.

■ Part of the new court structure was the assignment, to the new Supreme Court, of the function of making "rules governing * * * subject to law, the practice and procedure in [the] courts." N.J.Const., Art. 6, sec. 2, par. 3. The phrase "subject to law" was interpreted as meaning "subject to substantive law", *Winberry v. Salisbury*, 5 N.J. 240, 74 A.2d 406 (1950), cert. den., 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638. Thus, when the Supreme Court of New Jersey adopts a rule of court, it presumably intends to deal only with matters of practice and procedure. The same presumption arises when the Supreme Court of the United States promulgates rules for the federal courts under the enabling act, now 28 U.S.C. § 2072. Neither is assumed to have exceeded its authority.

It is probably more accurate to describe the usual statute of limitations as being "adjective" law rather than "substantive" or "procedural", at least during the period before the time has run out. Once the time runs out, a potential defendant probably has a vested right to be free of suit thereafter. During the period, however, the time within which to sue may be changed by the legislature. It surely can be extended, say from 2 years to 3 years, for any cause of action on which the time has not already run. And it may also reduce the time, say from 2 years to 1 year, so long as those having a cause of action still within time under the old law, but too late under the new law, are given a reasonable period (say 6 or 9 months) within which to sue after the new law takes effect.

In some instances, as with New Jersey's Wrongful Death Act N.J.S.A. 2A:31-1 et seq., the time specified to bring suit is an essential element of the new cause of action created by statute and is substantive rather than an adjective statute of limitations.

The civil action here was "commenced" within the 2 year period as to defendants Holiday Inns and Roxbury Motel Association, but after that time as to the new defendants brought in by amendment, Wilcox International and Pretty Products. This draws in the effect of F.R.Civ.P. 15(c), dealing with the "relation back" to the original filing date when new parties are brought in by amendment.

■ To satisfy that rule the plaintiff must show two things: one, that the new party has received such notice of the "institution of the action" that he will not be prejudiced in maintaining his defense on the merits, and, two, that the new defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been commenced against him. More significantly, both these elements must be shown to have existed "within the period provided by law for commencing the action against him", i.e., within 2 years next after the cause of action arose. See *Robbins v. Marine Transport*, 531 F.Supp. 14 (D.N.J.1981).

■ On the face of the record, this requirement was not met, and in responding to the motions plaintiff has made no effort to establish that it was.

The answering papers consist of a two page brief, with two exhibits attached. These are not part of the official record since they were not filed as papers in the cause, but they will be considered as though they were. Each is a status report by the N.J. Secretary of State that he has no record of each of the moving corporate defendants. For Pretty Products, the "filing date" is January 22, 1982, and for Roxbury International, it is February 1, 1982. These are evidently the dates when inquiry was received, and are well beyond the dates when the amendments to the complaint were filed.

The response thus amounts to a confession and avoidance, i.e., plaintiff assumes sub silentio that the requirements of Rule 15(c) were not met but argues that this does not matter because of N.J.S.A. 2A:14–22, which she argues tolls the statute of limitations as to these moving defendants, citing *Hopkins v. Kelsey-Hayes, Inc.*, 628 F.2d 801 (CA 3, 1980), upholding the validity of the tolling statute against federal constitutional objections.

No mention is made of the companion case of *Cohn v. G. D. Searle, Inc.*, in which the Supreme Court of the United States has granted certiorari and has heard argument but has not yet decided. The grant or denial of certiorari in *Hopkins* has been held in abeyance meanwhile.

■ However, even if *Cohn v. Searle* be affirmed, plaintiff here has failed to bring this case within the terms of the tolling statute relied on. She shows by the exhibits, at most, that neither corporation is domestic and that neither has secured authority to do business here with a registered office and registered agent. That is not what the tolling statute says.

It applies in cases where a foreign corporation "is not represented in this State by any person or officer upon whom summons or other process may be served. * * *"

That statutory language was drafted at a time when the accepted notion was that effective service on a foreign corporation could not be had unless it was served within the State and was "doing business", such that it could be "found" within the State. The decision in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) changed that concept and allowed service to be made outside the state so long as "minimum contacts" were shown. But the tolling statute was not changed.

Despite *International Shoe*, it is still effective to serve a foreign corporation which is "found" within the State by making service *in the State* on an officer, director, trustee, or managing or general agent, or if this cannot be done, by service *in the State* on a servant of the corporation acting in the discharge of his duties. See N.J. Court Rule R. 4:4–4(c)(1), which is drawn in for this court by F.R.Civ.P. 4(d)(7). This is local service, not "long-arm" service. The latter is dealt with by the last sentence of N.J. Court Rule R. 4:4–4(c)(1), which is drawn in here by F.R.Civ.P. 4(e).

Since plaintiff has failed to attempt any showing at all that the moving defendants were not available for service within the State by any of the available modes other than "long-arm", she has failed to bring the case within the terms of the tolling statute.

■ The court has not overlooked the decisions in *Farrell v. Votator etc.*, 62 N.J. 111, 299 A.2d 394 (1973), or *Carrino v. Novotny*, 78 N.J. 355, 396 A.2d 561 (1979), or *Aruta v. Keller*, 134 N.J.Super. 522, 342 A.2d 231 (App.1975), which is said to extend *Farrell*. But these cases construe New Jersey's procedural rule on relation back by amendment, N.J. Court Rule R. 4:9–4. That rule and its State court construction has no application here because there is a federal procedural rule on the point, F.R. Civ.P. 15(c) and under *Hanna v. Plumer* this court must apply the federal rule.

The motions are granted. Submit order.