Kenneth WILSON, et al., Plaintiffs,

v.

**CITY OF ATLANTIC CITY,**
**et al., Defendants.**

**Civ. A. No. 90–3739.**

United States District Court,
D. New Jersey.

June 22, 1992.

---

Alan H. Casper, Williams, Cuker & Casper, Cherry Hill, N.J., for plaintiffs.

James Peter Savio, Savio, Reynolds & Drake, Absecon, N.J., for defendants Atlantic City and Atlantic City Police Dept.

Peter L. Bruso, Jacobs, Bruso & Barone, Atlantic City, N.J., for defendant James M. Knights, Jr.

## ORDER

RODRIGUEZ, District Judge.

This matter is before the court on defendant James Knights' motion for an order dismissing the plaintiffs' amended complaint. For the following reasons, defendant's motion will be denied.

The plaintiffs filed the original complaint in this matter on September 17, 1990. The complaint contains six counts, and includes as named defendants the City of Atlantic City and the Atlantic City Police Department. The plaintiffs also identify a "John Doe" defendant. They describe the "John Doe" defendant as "an adult individual and a police officer with the City of Atlantic City Police Department, with a regular place of employment at Atlantic City City Hall, 1301 Bacharach Blvd., Atlantic City, New Jersey 08401...." Complaint at ¶ 5.

The plaintiffs allege in their complaint, *inter alia*, that the "John Doe" police officer, on the evening of September 30, 1988, "acting within the course and scope of his employment with the defendant[s] ..., under color of State law, grabbed, struck, assaulted and battered the plaintiff, ... without reasonable and probable cause while responding to the scene of a disturbance of the peace within the course and scope of his employment with the City of Atlantic City Police Department...." *Id.* at ¶ 9. The plaintiffs seek monetary damages in excess of $50,000.00.

Less than one month after the alleged incident took place, the plaintiffs filed a notice of claim against Atlantic City pursuant to the New Jersey Tort Claims Act, N.J.Stat.Ann. § 59:1–1 et seq. (West 1982). The notice of claim described the police officer involved in the incident as a "police officer who is a black male, 6 ft. tall, with a gerry curl, and thin...." Brief in Opp. at Exh. C.

After the filing of the federal cause of action, the plaintiffs served the defendants with interrogatories. In answering the interrogatories, the defendant listed the names of the police officers who responded to the incident. Included in this answer is Michael Knights, the defendant sought to be added in the amended complaint. *See* Brief in Opp. at Exh. G.

Upon receiving the response to the interrogatories in January of 1991, the plaintiffs failed to amend their complaint to include the proper identity of the "John Doe" defendant. Instead, they waited nearly 11 months before moving before this court to amend the complaint. The defendant now objects, arguing that the amended complaint should not relate back to the original date of the complaint. If the amended complaint does not relate back regarding

defendant Knights, the plaintiffs' cause of action against defendant Knights will be barred by New Jersey's two-year statute of limitations. Therefore, Fed.R.Civ.P. 15(c) controls this analysis.

## II. DISCUSSION

### A. *Retroactivity*

■ The Federal Rules of Civil Procedure were amended recently by Congress. On December 1, 1991, the new rules took effect. The amendments worked a substantive change to Fed.R.Civ.P. 15(c). Rule 15(c) now provides, in pertinent part,

[a]n amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) [now Rule 4(j) ] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....

Fed.R.Civ.P. 15(c) (West Rev. ed. 1991). The instant action was commenced prior to the effective date of the amendments and, therefore, the court must determine whether the amendment should apply retroactively.

Congress has granted the Supreme Court the authority to determine the extent to which a new or amended rule of civil procedure applies to judicial proceedings. Section 2074 of Title 28 provides, in relevant part, that

[t]he Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies....

28 U.S.C. § 2074 (West 1982 & Supp.1992).

In the Order amending the rules of civil procedure, the Court states that the "changes in the Federal Rules of Civil Procedure ... shall take effect on December 1, 1991, and shall govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending...." Order Amending Federal Rules of Civil Procedure, April 30, 1991.

■ In determining whether the retrospective application of the rule is "just and practicable," this court is guided by the principle that " 'to the maximum extent possible, the amended Rules should be given retroactive application....' " *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 546 (5th Cir.1992), *quoting Atlantis Development Corp. v. United States*, 379 F.2d 818, 823 (5th Cir.1967). The defendant does not suggest that retrospective application of the amended rules would somehow be unjust. In fact, the defendant does not address whether the amended rule should apply; instead, he argues his point assuming the amended rules do apply.

Because the court can find no reason for refusing to apply the amended rule considering the facts presented, and keeping in mind that "[a]ll pleadings shall be so construed as to do substantial justice ...", Fed.R.Civ.P. 8(f), this court will apply Rule 15(c) retroactively.

### B. *Subsection 1*

■ Fed.R.Civ.P. 15(c)(1) permits relation back to the same extent as permitted by the law providing the statute of limitations for the action. The Supreme Court,

in *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985), held that in section 1983 actions, the relevant statute of limitations is the applicable state personal injury statute. Under New Jersey law, the relevant period for section 1983 purposes is two years. *See* N.J.Stat. Ann. § 2A:14-2 (West 1987); *Cito v. Bridgewater Township Police Dep't,* 892 F.2d 23, 25 (3d Cir.1989).

The statute of limitations begins to run in New Jersey from the date of accrual of the cause of action. *See Brown v. Foley,* 810 F.2d 55, 56 (3d Cir.1987). New Jersey, however, permits fictitious name practice to overcome a statute of limitations obstacle.

N.J.Civ.Prac.R. 4:26–4 provides, in pertinent part,

> [i]n any action, ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name, ....

The New Jersey Supreme Court has acknowledged that the "fictitious-name practice provided by Rule 4:26–4 save[s] [an] amended complaint from the bar of the statute of limitations...." *Viviano v. CBS, Inc.,* 101 N.J. 538, 549, 503 A.2d 296 (1986).

As the New Jersey Supreme Court noted,

Rule 4:26–4 [ ] permit[s] a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations.... [The Court has] recognized that an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint, thereby permitting the plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred....

*Id.* at 548, 503 A.2d 296, *citing Farrell v. Votator Div. of Chemetron Corp.,* 62 N.J. 111, 120–23, 299 A.2d 394 (1973).

■ Although New Jersey permits fictitious name pleading, the plaintiff is required to substitute the real party in interest once his identity is established. *See id.* at 548–49, 299 A.2d 394, *citing Miletta v. Doe,* 158 N.J.Super. 550, 555–56, 386 A.2d 897 (Law Div.1978). "[O]nce [a plaintiff] substitutes a specific defendant for the fictitious defendant ...", the protections of Rule 4:26–4 are deemed exhausted. *Id.* at 549, 386 A.2d 897.

■ It appears, therefore, that the New Jersey law providing the relevant statute of limitations would permit the substitution of the real party for the "John Doe" party after the expiration of the two year period.[1] Applying this standard, the amended complaint properly names defendant Knights, and his motion to dismiss the amended complaint will be denied.[2]

---

**1.** The defendant's reliance on *Britt v. Arvanitis,* 590 F.2d 57 (3d Cir.1978) is misplaced. First, the Third Circuit's opinion regarding New Jersey's "John Doe" practice and its applicability to federal courts sitting in New Jersey was issued well before the 1991 amendments to the Federal Rules of Civil Procedure. As the Advisory Committee Notes to the amendment indicate, paragraph (c)(1) is a new rule "intended to make it clear that [rule 15(c) ] does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law...." Fed.R.Civ.P. 15(c)(1) advisory committee's note (1991 amendment).

As the committee's note declares, "[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim...."

*Id.; Accord Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989) (holding that "the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to § 1983...." (footnote omitted)).

**2.** Although the court need not reach the issue, it seems fairly clear that paragraph (c)(3) of Rule 15 would also permit the substitution of the defendant for "John Doe" in the amended complaint. Notice of the complaint was received by the police department in September of 1990, who later responded to the interrogatory request in January of 1991. Listed as an officer responding to the underlying incident is the defendant Knights.

It would stretch credulity to suggest that the defendant did not "know" of the action within 120 days after the filing of the complaint. The

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED on this 18th day of June, 1992, the defendant Knights' motion to dismiss the amended complaint is DENIED.

police department obviously knew who the officers were at the scene of the incident. *See* Brief in Opp. at Exh. G. In fact, the plaintiff had filed a notice of claim against the City of Atlantic City and the officer pursuant to the Tort Claims Act identifying the assailant/defendant as a black, male police officer, approximately six feet tall with a gerry curl. *See* Brief in Opp. at Exh. C. The defendant at least should have known of the instant litigation. However, this speculation need not be resolved presently, as paragraph (c)(1) provides an independent basis for permitting relation back of the amended complaint properly naming the defendant.