266 N.J. Super. 708 (1993)
630 A.2d 426
STEVEN LOMBARDI AS EXECUTOR OF THE ESTATE OF WILLIAM C. LOMBARDI, DECEASED, PLAINTIFF,
v.
CLIFFORD J. SIMON, M.D. AND WEN-HONG CHEN, M.D., AND TE-HONG CHEN, M.D., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
February 4, 1993.
*710 Arthur J. Messineo, Jr., for plaintiff (Messineo & Messineo, attorneys).
George J. Kenny, for defendant Clifford J. Simon, M.D. (Connell, Foley & Geiser, attorneys).
Louis John Dughi, Jr., for defendant Wen-Hong Chen, M.D. (Dughi & Hewit, attorneys).
Craig S. Combs, for defendant Te-Hong Chen, M.D. (Giblin & Combs, attorneys).
SCIUTO, J.S.C.
This case involves a medical malpractice action where Steven Lombardi, as executor for his father's estate, has brought suit against his father's treating doctors sounding in both negligence and wrongful death. Plaintiff in the third count of his complaint named Wen-Hong Chen, the anesthesiologist who plaintiff mistakenly believed was present at the operation where Mr. Lombardi expired, as a defendant. Plaintiff amended his complaint on July 16, 1992 to include Dr. Te-Hong Chen, the anesthesiologist who was in fact present at the operation where William Lombardi expired.
*711 The amendment to the complaint naming Te-Hong Chen as a defendant was filed more than two years after the death of William Lombardi. Defendant, Dr. Te-Hong Chen, is now seeking summary judgment on the plaintiff's wrongful death claim. The basis for defendant Chen's motion is that it is time barred since it was brought more than two years after Mr. Lombardi's death.
The relevant facts are as follows. In September of 1989 the decedent, William Lombardi, was a patient of the defendant, Clifford Simon, M.D., in connection with an endobronchial polypoid tumor. On September 13, 1989, the decedent was admitted to Englewood Hospital by Dr. Simon for a procedure to remove the entire tumor. This operation was terminated before the procedure was completed because Mr. Lombardi had a cardiac episode causing a decrease in his pulse. The anesthesiologist during the procedure was Wen-Hong Chen.
Mr. Lombardi was admitted by Dr. Simon to Englewood Hospital sixteen days later to complete the removal of the tumor. During surgery on September 29, 1989, William Lombardi suffered an acute cardiorespiratory failure and died on the operating table. The anesthesiologist during this second procedure was Te-Hong Chen.
Both Wen-Hong Chen and Te-Hong Chen used the initial of their first names when signing the hospital notes and records from the two operative procedures. Both doctors operated out of the same medical group at Englewood Hospital at the time of Mr. Lombardi's death, provide the same medical specialty and at the time of service of the original complaint shared the same office, address, phone number and liability carrier.
The right to sue for wrongful death is purely statutory since no such right existed at common law. Alfone v. Sarno, 87 N.J. 99, 104, 432 A.2d 857 (1981). The Wrongful Death Act, N.J.S.A. 2A:31-1, et seq., creates a separate cause of action whereby the beneficiaries of the deceased may recover pecuniary *712 losses which arose as a result of that individual's early demise. Id. at 107, 432 A.2d 857.
N.J.S.A. 2A:31-3 states that: "Every action brought under this chapter shall be commenced within two years after the death of the decedent and not thereafter." There is a plethora of case law which stands for the proposition that this provision is not a statute of limitations but rather a condition which is an integral part of the right to sue and therefore must be present before one secures the right to file a wrongful death action. See Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 182, 180 A.2d 129 (1962); Park v. Beech Aircraft Corp., 11 Terry 413, 50 Del. 413, 132 A.2d 54 (1957). Where an action for wrongful death is not brought within two years of decedent's death, it is barred. Whalen v. Young, 28 N.J. Super. 543, 101 A.2d 64 (Law Div. 1954).
A court has no discretion in construing the wrongful death statute and may not "ingraft any exception for public policy reasons." See Presslaff v. Robins, 168 N.J. Super. 543, 548, 403 A.2d 939 (App.Div. 1979); Peters v. Public Service Corp., 132 N.J. Eq. 500, 29 A.2d 189, 193 (1942).
The provision of the Wrongful Death Act, requiring every action to be commenced within a two year period "operates as a limitation of the liability of the wrongdoer as well as of the remedy." Id. Thus, the aforementioned wrongful death provision differs from N.J.S.A. 2A:14-2, in that it focuses on the date of death as opposed to the accrual of the action. Cockinos v. GAF Corp., 259 N.J. Super. 204, 611 A.2d 1154 (Law Div. 1992).
It is undisputed that plaintiff properly instituted a wrongful death action within two years of decedent's death, thereby satisfying N.J.S.A. 2A:31-3. Thus, plaintiff in his initial complaint met the aforementioned condition precedent to maintaining a wrongful death action.
However, said complaint improperly named one defendant. The issue now before this court is whether the misnaming of only the first three letters of the first name of the proper Defendant *713 anesthesiologist in the complaint is fatal to plaintiff's action against said defendant, Te-Hong Chen. This court finds that it is not.
The Rules Governing the Courts of New Jersey contain a provision that operates to allow amendments to a complaint to relate back in time to the date of the filing of the original complaint. Aruta v. Keller, 134 N.J. Super. 522, 528, 342 A.2d 231 (App.Div. 1975).
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
R. 4:9-3.
Courts in the State of New Jersey have recognized that R. 4:9-3 can be applied in wrongful death actions. The court in Miletta v. Doe, 158 N.J. Super. 550, 554, 386 A.2d 897 (Law Div. 1978), in dicta espoused the proposition that R. 4:9-3 could be used to relate an amended complaint, adding a new defendant, back in time to the filing of a third party complaint to satisfy N.J.S.A. 2A:31-3. See also McGlone v. Corbi, 59 N.J. 86, 96, 279 A.2d 812 (1971). The court in Cockinos v. GAF Corp., supra, held that a newly initiated wrongful death claim related back in time to the filing of the original complaint by operation of R. 4:9-3 to satisfy N.J.S.A. 2A:31-3. Furthermore, the Appellate Division in Hernandez v. St. James Hospital, 214 N.J. Super. 538, 542-543, 520 A.2d 773 (App.Div. 1986) held that the fictitious name practice set forth in R. 4:26-4 operated to relate a claim against a newly named defendant back in time to the filing of the original complaint in a wrongful death action.
*714 R. 4:9-3 permits the addition of a new claim or a new party when the original complaint did not contemplate the need for such an amendment. Viviano v. CBS, Inc., 101 N.J. 538, 552, 503 A.2d 296 (1986). The court in Viviano v. CBS, Inc. articulated a three-part test when an amendment, changing the defendant against whom the claim is asserted, relates back in time to the filing of the original complaint:
1) the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence alleged or sought to be alleged in the original complaint,
2) the new defendant had sufficient notice of the institution of the action not to be prejudiced in maintaining his or her defense, and
3) the new defendant knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her.
Id. at 553, 503 A.2d 296.
The first element necessary for the operation of R. 4:9-3 is satisfied in the case at bar. The plaintiff is asserting the same wrongful death claim which arose out of the death of Mr. Lombardi during surgery in his amended complaint. The claim asserted in the amended complaint arose out of the same occurrence set forth in the original pleading.
The second prong of the test is also satisfied. It was reasonably foreseeable that all the doctors present when Mr. Lombardi died on the operating table would expect a wrongful death suit to be forthcoming. Thus, defendant Te-Hong Chen received sufficient notice of the wrongful death claim.
Furthermore, no prejudice will result to Te-Hong Chen in maintaining his defense. Te-Hong Chen should have known that it would be reasonably foreseeable for a suit to be forthcoming, all operating room records are intact and it is reasonable to assume that the circumstances surrounding the death from cardiac arrest of a patient during surgery are not easily forgotten by an anesthesiologist. The factual circumstances set forth above, that both doctors operated out of the same medical group at Englewood Hospital at the time of Mr. Lombardi's death, provide the same medical specialty, and at the time of service of the original complaint shared the same office, address, phone number and *715 liability carrier, also support the conclusion that no prejudice to Te-Hong Chen will result by allowing the plaintiff's amended complaint to relate back in time to the filing of the original complaint. Defendant Te-Hong Chen has also not demonstrated that he would suffer any prejudice if plaintiff's action were to continue. Thus, the second prong of the test is satisfied.
The third provision of the test annunciated by the New Jersey Supreme Court for application of R. 4:9-3 is also present. Dr. Te-Hong Chen should have known that an action would have been brought against him but for a mistake concerning the first three letters of his first name, since he was the anesthesiologist present at the operation where Mr. Lombardi expired.
After considering the totality of the circumstances, this court holds that the three part test set forth by the New Jersey Supreme Court is satisfied and R. 4:9-3 operates to relate plaintiff's amended complaint, naming Te-Hong Chen as a defendant, back in time to the date when plaintiff's original complaint was filed. Thus, defendant Te-Hong Chen's motion for summary judgment must be denied, since such a relation back would set the time of the initiation of the suit against defendant Te-Hong Chen within the two year period following Mr. Lombardi's death and would therefore satisfy N.J.S.A. 2A:31-3. The above construction of R. 4:9-3 is consistent with the tenet espoused by Justice Jacobs in the case of N.J. Highway Authority v. Renner, 18 N.J. 485, 495, 114 A.2d 555 (1955), that "the goal of the judicial system is justice and our procedures must be molded and applied with that in mind" and that espoused by Judge Botter in Aruta v. Keller, 134 N.J. Super. at 529, 342 A.2d 231, that R. 4:9-3 "should be relaxed in the interests of justice."