**Keith HEINLY, Plaintiff,**

v.

**Officer Robert D. QUEEN, Officer Martin Carbonell, Officer Delmar (Jim) Wills, Trooper Painer, Trooper Jay M. Musser and Trooper Rolands, Defendants.**

**Civ. A. No. 91–6549.**

United States District Court, E.D. Pennsylvania.

Jan. 11, 1993.

Richard J. Orloski, Allentown, PA, for plaintiff.

Denise A. Kuhn, Deputy Atty. Gen., Philadelphia, PA, for defendants.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

### BACKGROUND

This 42 U.S.C. § 1983 action with a pendant state claim in tort was originally brought by the plaintiff, Keith Heinly, against former Pennsylvania State Police Commissioner Ronald M. Sharpe, Captain Robert G. Werts, and John Doe Officers Q through Z. The plaintiff's claims arise out of the Pennsylvania State Police's response to his brother, Kevin Heinly's murder of Deanna Renner and subsequent suicide after barricading himself in their father's home. In particular, the plaintiff alleges that in course of these events he was struck by shotgun pellets, subjected to excessive force, and falsely arrested in violation of his Fourth, Fifth, and Fourteenth Amendment rights.

On August 26, 1992, we granted summary judgment as to the defendants, former Commissioner Sharpe and Captain Werts, and allowed the plaintiff leave to amend his Complaint in order to change the defendants to the following Pennsylvania State Police Officers: Officer Robert D. Queen, Officer Martin Carbonell, Officer Delmar (Jim) Wills, Trooper Painer, Trooper Jay M. Musser and Trooper Rolands—all are officers alleged to be directly involved in the above incident. Before the Court is the newly named defendants' Motion for Summary Judgment on all three Counts of the Amended Complaint. For the reasons stated below, the defendants' Motion is granted in part and denied in part.

### DISCUSSION

The defendants have moved for summary judgment on a number of grounds. First, they contend that the section 1983 claims in Counts I and II are barred by the statute of limitations. Second, defendant, Carbonell, argues that he was not personally involved in any of the allegations averred in Count II. Third, the defendants dispute their amenability to suit to the extent the Amended Complaint alleges a deprivation of Fifth Amendment rights. Fourth, in Count III, defendant, Queen, contends that he is not liable for willful misconduct under 42 Pa.Cons.Stat.Ann. § 8550 (1982). We shall address each of these arguments in the order presented.

### A. RELATION BACK

The defendants argue that the section 1983 claims are barred by the statute of limitations on the grounds that the Amended Complaint was filed more than two years after the cause of action arose, and the Amended Complaint does not relate back to the date the original complaint was filed under Fed.R.Civ.P. 15(c). The parties agree that the two-year Pennsylvania limitation for personal injury actions under 42 Pa.Cons.Stat.Ann. § 5524 (Supp.1992) governs the section 1983 claims in Counts I and II of the Amended Complaint. *See, e.g., Bougher v. University of Pittsburgh,* 882 F.2d 74, 78 (3d Cir.1989). Since the alleged incident occurred on October 22, 1989 [1] and the plaintiff's Motion to Amend the Complaint was not filed until August 6, 1992,[2] the section 1983 claims against the new defendants are time-barred unless they relate back to the date the original Complaint was filed on October 21, 1991, or an equitable defense is available to estop the defendants from asserting a limitations bar.

Fed.R.Civ.P. 15(c) governs the relation back of amendments. The plaintiff's amendment replacing a "John Doe" caption with the newly named defendants' real names amounts to "changing a party" within the meaning of Rule 15(c) and, thus, will only relate back if all of the requirements in the Rule are satisfied. See *Var-*

---

1. The parties do not dispute that the limitations period began to run at the time of the alleged incident when the plaintiff had knowledge that he had been struck by shotgun pellets, subjected to excessive force, and falsely arrested.

2. The statute of limitations is tolled as soon as a motion for leave to file an amended complaint is filed, rather than on the date of final approval of that motion. *Longo v. Pennsylvania Elec. Co.,* 618 F.Supp. 87, 89 (W.D.Pa.1985), *aff'd without opinion,* 856 F.2d 183 (3d Cir.1988).

*lack v. SWC Caribbean, Inc.,* 550 F.2d 171, 174 (3d Cir.1977). These requirements are:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). In amended Rule 15(c), effective December 1, 1991, Congress changed the fourth requirement of *Schiavone* by providing that the intended party must receive notice within "the period provided by Rule 4(m) [now Rule 4(j)] for service of the summons and complaint," rather than within the prescribed limitations period. See Advisory Committee Notes, 1991 Amendment to Fed. R.Civ.P. 15(c)(3). Therefore, amended Rule 15(c) [now Rule 15(c)(3)] requires that the second and third requirements must have been fulfilled within the 120–day period following the filing of the original complaint. *See, e.g., Skoczylas v. Federal Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir.1992). In the case before us, the original Complaint was filed on October 21, 1991, so that the 120–day period would extend beyond the expiration of the statute of limitations on the following day.

Since the amendment is decisive to the outcome of this Motion[3] and the instant action was commenced prior to the effective date of revised Rule 15(c), we must consider the effect of the amendment on a pending proceeding. The statute authorizing the Supreme Court to prescribe rules and amendments, states, in relevant part, that:

[t]he Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.

28 U.S.C. § 2074 (Supp.1992). In the Order amending Rule 15(c), the Supreme Court stated that the amendments "shall take effect on December 1, 1991, and shall govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending." Order Amending Federal Rules of Civil Procedure, 111 S.Ct. Preface 813 (April 30, 1991).

The defendants do not suggest that the retroactive application of amended Rule 15(c) would somehow be impracticable or unjust. Indeed, the defendants do not address whether the amended Rule should apply, rather their arguments assume the amendment does apply to this proceeding. It is difficult to imagine any prejudice being visited upon the new defendants should they be included in this action under Rule 15(c)(3), since in preparing their individual defenses they can presumably rely on the investigations and preparations already undertaken by the Deputy Attorney General, who also represented the original defen-

---

**3.** If the limitations period controls our determination, neither a constructive notice theory, nor the doctrine of equitable estoppel will save the plaintiff's claims. There is no dispute that neither the original defendants, nor their counsel had notice of this action before the limitations period expired on October 22, 1991. Therefore, a constructive notice theory would fail, as their was no proper notice to any relevant party that could be imputed to the new defendants. See *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) (reaching exactly this result under an identity-of-interest theory). In regard to equitable estoppel, since none of the relevant parties had notice of the action within the limitations period, they did not have the opportunity to mislead the plaintiff as to the identity of the parties to be held responsible. See *Garcia v. Peter Carlton Enterprises, Ltd.,* 717 F.Supp. 1321, 1326 (N.D.Ill. 1989). Moreover, there is no dispute that all the allegedly misleading conduct occurred after the expiration of the statute of limitations. Thus, neither the original defendant, nor their counsel could have contributed to the plaintiff's failure to identify the new defendants within the limitations period. Accordingly, an equitable estoppel argument would also fail.

dants. In addition, aside from the discovery primarily concerning the identity of the new defendants, no substantive proceedings have occurred. Accordingly, we find that retroactive application of amended Rule 15(c) is just and practicable in this proceeding. See *Skoczylas*, 961 F.2d at 546 (retroactive application is appropriate as the outcome under *Schiavone* was inconsistent with the liberal pleading practices secured by Rule 8); *Hill v. U.S. Postal Service*, 961 F.2d 153, 155 (11th Cir.1992) (amended Rule 15(c) may be applied retroactively to allow relation back of amendment to name a proper defendant, who was previously unidentified) (citing *Renslow v. City of Chicago*, No. 91 C 5560, 1991 WL 296732, at *1 (N.D.Ill. January 14, 1992)); *Wilson v. City of Atlantic City*, 142 F.R.D. 603, 604–05 (D.N.J.1992) (applying amended Rule 15(c) retroactively to an amendment adding the proper identity of a "John Doe Defendant"); *Boliden Metech, Inc. v. United States*, 140 F.R.D. 254, 258 (D.R.I.1991) (to ignore the intent of the Advisory Committee on Civil Rules, the United States Supreme Court, and Congress by deciding this issue based on the requirements of a soon to be obsolete rule is inequitable).

■ Having determined that amended Rule 15(c) applies to this proceeding, we now turn to the application of the Rule. The original Complaint was filed on October 21, 1991, the statute of limitations expired on October 22, 1991 and, therefore, the second and third requirements of Rule 15(c)(3) must have been fulfilled by February 18, 1992, i.e. October 21, 1991 plus 120 days.

The parties do not dispute that the plaintiff has satisfied the first element of Rule 15(c)(3). The claims against the new defendants arose out of the conduct, occurring on October 22, 1989, that was the subject of the original pleading. The defendants contend, however, that they did not receive timely notice of the institution of this action and, further, they deny that they knew

or should have known that, but for a mistake concerning identity, the action would have been brought against them. As to notice, it is undisputed that new defendants did not have actual knowledge of the lawsuit before the expiration of the relevant time period on February 18, 1992.[4] The plaintiff, however, argues that the new defendants may be charged with constructive knowledge of the action based on the knowledge of their attorney.

We have previously held that knowledge may be imputed to a government official when the original complaint names other government officers as defendants, the official to be added as a defendant is represented by the same government counsel as the original defendants, and counsel knew or should have known within the relevant time period that joinder of the additional official was a distinct possibility. *Taliferro v. Costello*, 467 F.Supp. 33, 35–36 (E.D.Pa.1979); *Mitchell v. Hendricks*, 68 F.R.D. 564, 567–68 (E.D.Pa.1975); *cf. Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1141 (E.D.Pa.1990) (informal notice satisfies Rule 15(c)); *Wallace v. Marks*, No. 82–0034, 1986 WL 4836, at *2 (E.D.Pa. April 17, 1986) (Constructive notice can be established by the fact that the same attorney represents both the original defendants and those added in the amended complaint.). At least three federal courts of appeals have also found that knowledge may be imputed to a new defendant through the attorney representing the original defendants in order to satisfy the notice and knowledge requirements of Rule 15(c)(3). *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir.1989); *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987); *Berndt v. State of Tennessee*, 796 F.2d 879, 884 (6th Cir.1986) (citing *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980)); *see also Ames v. Vavreck*, 356 F.Supp. 931, 942 (D.Minn.1973); *White v. Lundeberg Maryland Seamanship School, Inc.*, 57 F.R.D. 128, 131 (D.Md. 1972).

---

4. In support of this contention, which the plaintiff has not rebutted, the defendants have submitted seemingly identical affidavits, in which they establish that they did not receive any notice of this lawsuit before the deadline date of February 18, 1992.

We find that the new defendants received constructive notice of the institution of this action within the relevant time period through their attorney. The original Complaint was timely filed on October 21, 1991 and named former State Police Commissioner Sharpe, Captain Robert G. Werts, and John Doe Officers Q through Z as defendants. The Pennsylvania State Police Officers added in the Amended Complaint are represented by the same Deputy Attorney General of the Commonwealth of Pennsylvania as the original defendants. Additionally, the Deputy Attorney General had notice of the institution of this action within the relevant time period.[5] Accordingly, notice of the institution of this action is imputed to the new defendants to satisfy the second element of Rule 15(c)(3).

The third element of Rule 15(c)(3) requires us to determine whether the Deputy Attorney General knew or should have known within the relevant time period that, but for a mistake concerning identity, the action would have been brought against the new defendants. The "mistake condition" in third element is not limited to cases of misnamed or misdescribed parties, rather the Rule is widely-understood to allow the addition of new parties that were never originally named or described. *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.*, 801 F.Supp. 1450, 1457 (E.D.Pa.1992). The mistake aspect of the Rule is designed to insure that the new defendant knew or should have known within the relevant time period that his joinder was a distinct possibility. *Id.* (citing *Taliferro v. Costello*, 467 F.Supp. 33, 36 (E.D.Pa.1979)) (finding that plaintiff's failure to include the City of Philadelphia in a civil rights action, through mistaken legal judgment, satisfied the mistake condition). In contrast, to a

reasonable belief that the failure to join a new defendant was a deliberate strategy. *Id.; see also Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857 (9th Cir.1986), *cert. denied*, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987).

The Third Circuit found that the third element of Rule 15(c)(3) was satisfied in an amendment adding the proper identity of a new defendant, designated as an "Unknown Employee" in the original complaint. *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir.1977); *see also Hodge v. Ruperto*, 739 F.Supp. 873, 881 (S.D.N.Y.1990). In *Varlack*, the new defendant knew that there was a suit against an unknown employee, that the designation referred to him, and that if the plaintiff knew his true identity, he would have been one of the persons sued. *Varlack*, 550 F.2d at 175.

Likewise here, the Deputy Attorney General[6] knew that there was a suit against "John Doe Officers Q through Z." Based on the allegations in the original Complaint and on the plaintiff's Requests for Production of Documents,[7] she also knew or should have known that (1) the designation referred to the members of the Pennsylvania State Police Department's Special Emergency Response Team, who were directly involved in the alleged shotgun shooting, the excessive use of force, and false arrest and (2) that if the plaintiff knew the new defendants true identity, the action would have been brought against them. Therefore, she knew or should have known within the relevant time period that joinder of the Officers was a distinct possibility. Accordingly, we find that the third element of Rule 15(c)(3) is satisfied.

---

**5.** The Deputy Attorney General entered her appearance in this action on December 17, 1991 and, thus, had notice before the expiration of the relevant time period on February 18, 1992.

**6.** The new party in *Varlack* had actual knowledge, as opposed to the constructive knowledge, upon which the plaintiff relies. However, this distinction is inconsequential in determining whether an amendment adding the proper identities of the new defendants, previously identified as "John Doe" defendants in the original

Complaint, may satisfy the "mistake condition" in the third element of Rule 15(c)(3).

**7.** The plaintiff's remaining discovery occurred after the relevant time period had expired and, therefore, is irrelevant to our determination as any knowledge attributable to the Deputy Attorney General after this time could not be imputed to the new defendants. See *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

The defendants assert that there was no discovery within the relevant time period that would have led their counsel to believe that these six *particular* new defendants would likely be brought into the case. Their argument misses the point. The relevant inquiry is whether the new defendants had sufficient notice of the action and knowledge of the possibility of their joinder, as imputed through counsel, such that they will not be prejudiced in maintaining their defense. *Felix v. New York City Police Department*, 811 F.Supp. 124, 128 (S.D.N.Y.1992).

The defendants do not suggest that they would be prejudiced in maintaining their defense if plaintiff's claims against them are held to relate back to the original Complaint. Nor could they. Based on our foregoing conclusions as to the notice and knowledge attributable to the Deputy Attorney General, we find that Office of the Attorney General was put on notice within the relevant time period to prepare for the defense of the new defendants and, thus, no prejudice to the new defendants will result. See *id.; cf. Ames v. Vavreck*, 356 F.Supp. 931, 942 (D.Minn.1973). Moreover, as noted above, it is difficult to imagine any prejudice being visited upon the new defendants as a result of their postponed inclusion, since in preparing their individual defenses they can presumably rely on the investigations and preparations already undertaken by the Deputy Attorney General, who also represented the original defendants. See *Wallace v. Marks*, No. 82–0034, 1986 WL 4836, at *3 (E.D.Pa. April 17, 1986).

Having found that all the elements of Rule 15(c)(3) are satisfied, we conclude that the Amended Complaint relates back to the date of the original Complaint and is, therefore, not barred by the statute of limitations.

■ We also find that equitable estoppel may be a separate ground to hold that relation back is appropriate in this case. It is well established that the doctrine of estoppel may bar a defendant from asserting the statute of limitations as a defense.

*See, e.g., Bechtel v. Robinson*, 886 F.2d 644, 651 (3d Cir.1989); 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1500 (1990). Prior to the amendment of Rule 15(c), the prescribed limitations period for estoppel was the statute of limitations, which was the same relevant time period for satisfying the second and third elements of Rule 15(c). If grounds for estoppel were found to exist within the relevant time period, there was no need to further address these grounds in the context of Rule 15(c) because whether an amendment related back to satisfy the statute of limitations was irrelevant if a defendant was estopped from asserting the statute as a defense. However, given the addition of the 120–day period following the service of the original complaint under amended Rule 15(c), and as in the case before us, where the grounds for estoppel occur after the expiration of the prescribed limitations period, so that traditional estoppel of the statute is not applicable, an issue arises as to whether a defendant may be estopped from asserting that an amendment does not relate back under Rule 15(c)(3). Although we are aware of no court that has applied the doctrine of estoppel in this context, we believe the extension of the doctrine under these circumstances would be a logical outgrowth in light of amended Rule 15(c).

Captain Werts's Response to the plaintiff's First Request for Production is the only conduct relevant to our estoppel determination because the remainder of the allegedly misleading conduct occurred after the expiration of the relevant 120–day time period on February 18, 1992. Captain Werts had an obligation to produce all the requested documents, which included writings identifying the Officers involved in the alleged incident, within his control. Fed. R.Civ.P. 34(a). The Third Circuit has found that there is sufficient control within the meaning of Rule 34(a), where there is access to documents in the ordinary course of a party's business. *Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 141 (3d Cir.1988) (citing *First Nat'l City Bank v. Internal Revenue Service*, 271 F.2d 616, 618 (2d Cir.1959)).

Although we find that there is a factual issue as to whether Captain Werts had access to the Bureau of Professional Responsibility Report # 4216, which contained the identities of the Officers directly involved in the incident, in the ordinary course of his duties, we seriously doubt whether a Captain in the Pennsylvania State Police, who was in charge of the operation, from which the alleged incident arose, would not have access to this Report in the ordinary course of his duties. If so, the instant case is not unlike, *Bechtel v. Robinson*, 886 F.2d at 648–52, where the Third Circuit held that a defendant was estopped as a matter of law from pleading the statute of limitations for the failure to comply with Delaware law, which required the registration of the actual owner's name and the posting of the owner's license in a public area. Accordingly, the new defendants may be estopped from asserting that the Amended Complaint does not relate back under Rule 15(c)(3).

## B. PERSONAL INVOLVEMENT

Defendant, Officer Carbonell, argues that he was not personally involved in any of the allegations averred in Count II of the Amended Complaint. Personal involvement in the alleged wrongs is a prerequisite to imposing liability under 42 U.S.C. § 1983. *See, e.g., Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir.1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). Liability cannot be based solely on the operation of respondeat superior. *Rode*, 845 F.2d at 1207. However, the personal involvement of a supervisor can be demonstrated through allegations of personal direction or of actual knowledge and acquiescence in the alleged wrongs. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir.1990) (citing *Rode*, 845 F.2d at 1207).

We find that Carbonell was not personally involved in the false arrest and excessive use of force allegations averred in Count II. Carbonell testified at his deposition that when the plaintiff exited the trailer, he was jumping up and down, waving his arms and hollering. Carbonell's job was to cover the deceased and take control of the weapon, which the plaintiff's brother had used to commit suicide. Carbonell said nothing to the plaintiff, nor did he play any role in wrestling the plaintiff to the ground and handcuffing him in the course of the arrest. Although there appears to be a factual issue as to Carbonell's knowledge and acquiescence in the alleged wrongs, the record indicates that he did not have any supervisory responsibilities in the alleged incident.

■ The plaintiff does not dispute Carbonell's allegations, rather he asserts in his brief, presumably under Fed.R.Civ. 56(f), that he has been unable to discover the extent of Carbonell's involvement. However, statements made in a counsel's brief are insufficient to satisfy the requirements of Rule 56(f). Fed.R.Civ.P. 56(f) (affidavit stating reasons is necessary when facts essential to justify a party's opposition are unavailable); *see also Goodway Marketing, Inc. v. Faulkner Advertising Associates, Inc.*, 545 F.Supp. 263, 268 n. 3 (E.D.Pa.1982) (statements made in counsel's brief are not evidence for establishing a disputed issue of material fact). Accordingly, we conclude that Carbonell is not liable under section 1983 in Count II.

## C. FIFTH AMENDMENT

■ The defendants dispute their amenability to suit to the extent the Amended Complaint alleges a deprivation of Fifth Amendment rights. The due process clause of the Fifth Amendment does not apply to the actions of state officials. *Huffaker v. Bucks County Dist. Attorney's Office*, 758 F.Supp. 287, 290 (E.D.Pa.1991) (citations omitted). The defendants were all Pennsylvania State Police Officers at the time of the alleged incident. Accordingly, they are entitled to judgment as a matter of law on the plaintiff's claim of deprivation of Fifth Amendment rights.

## D. WILLFUL MISCONDUCT

■ Defendant, Queen, contends that he is not liable for willful misconduct under 42 Pa.Cons.Stat.Ann. § 8550 (1982). The statute provides a basis for imposing liability

on local agencies or its employees for acts constituting a crime, actual fraud, actual malice or willful misconduct. 42 Pa.Cons. Stat.Ann. § 8550 (1982). A local agency is defined as "[a] government unit other than the Commonwealth Government...." 42 Pa.Cons.Stat.Ann. § 8501 (1982). Queen is a Pennsylvania State Police Officer and, as such, a Commonwealth employee. *See Nicholson v. M & S Detective Agency, Inc.,* 94 Pa.Commw. 521, 524, 503 A.2d 1106, 1107 (1986). Therefore, 42 Pa.Cons.Stat. Ann. § 8550 (1982) is not applicable to Queen. Accordingly, to the extent Count III alleges a theory of liability against Queen under 42 Pa.Cons.Stat.Ann. § 8550 (1982), he is entitled to judgment as a matter of law. However, we are not limited to granting relief to a party solely on the basis of the theories of recovery set forth in the pleadings. *Evans Products Co. v. West American Ins. Co.,* 736 F.2d 920, 923 (3d Cir.1984); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1219 (1990).

The General Assembly has provided that the Commonwealth of Pennsylvania, its officials, and employees acting within the scope of their duties are immune from suit, except where the General Assembly specifically waives that immunity. 1 Pa.Cons. Stat.Ann. § 2310 (Supp.1992). 42 Pa.Cons. Stat.Ann. § 8522(b) (1982 and Supp.1992) set forth the nine limited categories in which the General Assembly has waived sovereign immunity. The appropriate test to "determine if a Commonwealth employee is protected from liability pursuant to 1 Pa.C.S. § 2310 and 42 Pa.C.S. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." *LaFrankie v. Miklich,* — Pa.Commw. —, —, 618 A.2d 1145, 1149 (1992) (citation omitted).

■ In the instant case, since the plaintiff's cause of action emanates from willful misconduct the only issue to be resolved to determine if immunity attaches is whether Queen was acting within the scope of his employment. Queen makes an unsupported and conclusory assertion in his brief that his actions were performed within the scope of his employment. Such an assertion is insufficient to satisfy a moving party's burden on summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Accordingly, summary judgment must be denied as to this issue.