**Richard STAFFORD and Doris Stafford, Plaintiffs,**

v.

**CLARK CONSTRUCTION COMPANY and Crown Equipment Corp., Defendants.**

**No. 1:95–CV 0140.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 13, 1995.

Roy Travis McCall, Waldman Smallman Grossman & Carpenter, Beaumont, TX, for plaintiffs.

Mitchell A. Toups, Weller Green McGown & Toups L.L.P., Beaumont, TX, and Peter L. Kilpatrick, Foster Lewis Langley Garner & Banack, San Antonio, TX, for defendants.

### *MEMORANDUM OPINION AND ORDER*

COBB, District Judge.

Before the court is defendant Crown Equipment Corporation's motion to dismiss the claims against it. The plaintiffs, Richard and Doris Stafford, initially brought suit in state court against Clark Construction Company ("Clark") for alleged negligence surrounding a slip and fall incident which occurred on May 29, 1993. Clark removed the action to this court pursuant to 28 U.S.C. sections 1332 and 1441. On May 26, 1995, the plaintiffs filed a Motion for Leave to File Amended Petition and Plaintiffs' Second Amended Original Petition. This amended complaint sought to add Crown Equipment as a defendant. On June 12, 1995, this court granted leave for plaintiffs to file the new complaint. Consequently, the court clerk entered the new complaint on June 12, 1995.

■ Crown Equipment argues that the statute of limitations had run on the Staffords' cause of action before Crown Equipment was joined in suit. Also, Crown Equip-

ment contends that the plaintiffs' jurisdictional averment is insufficient in this case.

The statute of limitations on a cause of action is tolled as soon as a motion for leave to file an amended complaint is filed. *Heinly v. Queen,* 146 F.R.D. 102, 104 (E.D.Pa.1993). The date of final approval of the motion, here June 12, 1995, does not enter the analysis. Crown Equipment was timely joined in this suit.

■ Unfortunately, the plaintiffs did not respond to the jurisdictional argument within the motion to dismiss. Although it is well taken that the potential liability of a tortfeasor in a situation like the instant case may be well below $50,000, defense counsel should take note that in federal court the plaintiff generally needs only "allege" damages in good faith. Fact-pleading is long gone. This court finds that plaintiffs' jurisdictional averment in its amended complaint is in good faith and is sufficient to satisfy 28 U.S.C. 1332. In the future, plaintiffs' lawyer should explicitly plead that the amount in controversy exceeds $50,000.

After review of the motions and supporting memoranda, this court DENIES defendant Crown Equipment Corporation's Motion to Dismiss.