Linda LOCKWOOD, Plaintiff,

v.

CITY OF PHILADELPHIA, Police Officer John Doe, and Police Officer Richard Roe, Defendants.

No. 00–CV–3062.

United States District Court,
E.D. Pennsylvania.

Jan. 3, 2002.

Neil E. Jokelson, Philadelphia, PA, for plaintiff.

Jeffrey M. Scott, City of Philadelphia, Law Department, Civil Rights Unit, Philadelphia, PA, for defendants.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff Linda Lockwood claims that she was injured on January 17, 1998 when a police car drove into her while she was attending the funeral of her son, Joseph Ross, at or near Thompson and Schiller Streets in Philadelphia. Lockwood timely filed a praecipe for a writ of summons in the Philadelphia Court of Common Pleas on January 14, 2000. Defendant City of Philadelphia claims that it provided Lockwood with all relevant police reports on March 8, 2000. Lockwood filed a complaint on June 14, 2000, naming the City of Philadelphia ("the City") and unknown police officers John Doe and Richard Roe ("the John Doe defendants") as defendants. On June 15, 2000, the City removed the case to federal court. On July 5, 2000, the City filed its answer to the complaint and followed this up with a motion for judgment on the pleadings, filed on August 29, 2000. I denied this motion in an order entered on April 24, 2001 and granted plaintiff sixty days to conduct additional discovery

regarding the John Doe defendants. By the date of this order, the statute of limitations period had already run and there was no evidence in the record of notice to any individual police officers who might be potential defendants. However, I gave Lockwood the additional discovery period so that she could locate and present evidence of such notice. The City alleges that Lockwood made no discovery requests during this period and conducted no other discovery.

On June 25, 2001, the last day of this additional discovery period, plaintiff filed a motion for leave to file an amended complaint and a request for additional time to conduct discovery. The amended complaint included in this filing replaced the John Doe defendants with five individually named officers.[1] The City contends that the names of these officers were taken from the police reports it provided to Lockwood on March 8, 2000. Concurrently with the filing of this motion, plaintiff served counsel for the City with notices of depositions scheduled on July 6, 2001 for all five individual officers named in the amended complaint. On June 28, 2001, the City responded, opposing this motion and requesting a protective order from any further discovery by Lockwood. The motions by both Lockwood and the City, filed on June 25 and June 28, 2001, respectively, are before me now.

**Motion for Additional Discovery and Motion for Protective Order**

In her June 25, 2001 motion, Lockwood requested additional time to conduct discovery. The City opposed this motion and filed a request for a protective order pursuant to Fed.R.Civ.P. 26(c). In considering both of these motions, I take into account the City's uncontroverted assertion that Lockwood conducted no discovery during the sixty day period provided for that purpose in the April 24, 2001 order.

In her motion of June 25, 2001, Lockwood requested an extra fifty days in which to conduct the depositions of the five named officers and any follow-up discovery necessitated by those depositions. The City argues that Lockwood has not made a showing of

excusable neglect, as required by Fed.R.Civ.P. 6(b), and that her request should therefore be denied. As Lockwood filed her motion before the period of additional discovery ended, she is only required to demonstrate "cause" for the request, and not excusable neglect. See Fed.R.Civ.P. 6(b). Once a party has shown cause for the extension, the decision about whether to grant the requested extension rests in the Court's discretion. See id.

■ Lockwood provided no explanation for her failure to conduct any discovery during the sixty-day period I generously granted in my April 24, 2001 order. Lockwood failed to conduct discovery during this period. An extension of discovery would unfairly expose the individual police officers to further factual inquiry aimed at justifying litigation against them almost four years after the underlying incident is alleged to have occurred. I therefore exercise my discretion and deny Lockwood's request for an extension of discovery relating to these individual officers as potential defendants. In light of this ruling, I will decide Lockwood's motion for leave to file an amended complaint on the presently existing record.

■ The City has moved for a general protective order from further discovery by Lockwood. See Fed.R.Civ.P. 26(c). As an initial matter, the City's motion did not include the required certification that it had made a good faith effort to resolve the dispute without court action. See id. Even if it had, the docket reveals that a scheduling order for general discovery was never entered in this case. In the absence of such an order, a Rule 26(c) protective order would be inappropriate. Therefore, I deny the City's request for a protective order and I shall issue a scheduling order that permits Lockwood to proceed with general discovery against the City.

**Motion for Leave to File Amended Complaint**

Lockwood's motion for leave to file an amended complaint was filed on June 25,

---

**1.** The five individual officers named in the amended complaint are Officer Brian Spearman, Officer Mark Overwise, Officer Heribe Quintono, Officer Hyson, and Officer Anthony Mangigin.

2001. The alleged battery occurred on January 17, 1998, so the statute of limitations for commencing an action expired on January 17, 2000. *See Bougher v. University of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.1989) (two-year statute of limitations for § 1983 actions). As the statute of limitations ran before the amended complaint was filed, the amendment can only be permitted if it relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c). *See Urrutia v. Harrisburg County Police Dept., et al.*, 91 F.3d 451, 457 (3d Cir.1996); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir.1995). Rule 15(c) provides that an amendment of a pleading relates back when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

▉ In situations where the original complaint names "John Doe" defendants and the plaintiff attempts to replace them with named defendants in the amended complaint, the Third Circuit has looked to the third prong of Rule 15(c), relating to changing the name of a party, as the relevant section. *See Urrutia*, 91 F.3d at 457. Under the Rule, the inquiry under this section includes the following requirements: (1) the pleading as amended must relate to the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; and (3) the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *See Singletary v. Pennsylvania Dept. of Corrections, et al.*, 266 F.3d 186, 194 (3d Cir.2001); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir.1977).

The parties do not dispute that the first prong of this test is met, as Lockwood is simply attempting to name the individuals involved in the battery alleged in the original complaint. Therefore, I will not discuss this issue. The heart of the Rule 15(c) relation back inquiry in this case is whether the second prong has been met. The rationale behind this prong is to ensure that the newly named defendants had notice of the institution of the action sufficient to dispel any prejudice to a defense on the merits of the claim. *See Singletary*, 266 F.3d at 194 n. 3. This area of law was recently addressed in great detail by the Third Circuit, per Chief Judge Becker, and I will endeavor to track his analysis as precisely as possible. *See id.* at 195–200.

▉ The newly named defendants must have received notice of the institution of the action within 120 days of the running of the statute of limitations. *See* Fed.R.Civ.P. 4(m) (service of summons and complaint must be made within 120 days of the filing of the complaint). Rule 15(c) does not require actual service of process on the newly named defendant to satisfy the notice requirement. *See Singletary*, 266 F.3d at 195. If an employee with reason to expect his potential involvement hears of the commencement of the lawsuit through informal means, he has sufficient notice. *See Varlack*, 550 F.2d at 175. However, the notice must be that the lawsuit has been brought, not simply that the event giving rise to the cause of action occurred. *See Singletary*, 266 F.3d at 195; *Bechtel v. Robinson*, 886 F.2d 644, 652 n. 12

(3d Cir.1989). Lockwood has not contended that the individual officers had actual notice of the institution of this lawsuit within the period of time set out in Rule 15(c) and she failed to take any discovery that might have uncovered such a fact.

The Third Circuit has held that constructive or implied notice of the institution of the action can constitute notice under Rule 15(c). *See Singletary*, 266 F.3d at 195. Specifically, Judge Becker examines two types of constructive notice that could support such an inference of notice: (1) the "shared attorney" method, where the newly named defendants and an originally named party are represented by the same counsel, *see id.* at 196–97; and (2) the "identity of interest" method, where the newly named defendants enjoy some relationship with an originally named defendant strong enough to permit an inference that notice to one effectively provides notice to the others. *See id.* at 197–200.

## A. Shared Attorney Method

■ The shared attorney method permits Rule 15(c) notice to be imputed in cases where the same attorney represented both the newly named defendants and an originally named party. The Third Circuit noted that the "relevant inquiry under this method is whether notice of the institution of the action can be imputed to [the newly named defendants] ... by virtue of representation [they] shared with a defendant originally named in the lawsuit." *Id.* at 196. In *Singletary*, the Court found that the newly added defendants' attorney had not become the original defendants' attorney until well after the 120 day period had run, so the shared attorney theory was inapplicable. *See id.* at 197. Judge Becker cited with approval several cases from other circuits and district courts that found constructive notice grounded in a shared attorney, including *Heinly v. Queen*, 146 F.R.D. 102 (E.D.Pa.1993). In *Heinly*, the individual police officer defendants, whom plaintiff named to replace the John Doe defendants in the amended complaint, were represented by the same Deputy Attorney General as original defendant Pennsylvania State Police Commissioner. *See Heinly*, 146 F.R.D. at 107. As a result,

the District Court found that the newly named defendants had received constructive notice of the institution of the action through this attorney. *See id.*

■ There are several similarities between the facts of *Heinly* and those alleged by Lockwood, but there is also a crucial difference. While the original and newly named defendants in *Heinly* were represented by the same attorney, the attorney for the City in this case has consistently maintained that he does not represent the individual officers and those officers have never made an appearance in court through him. Indeed, in the City's Answer, counsel specifically included the statement, "[i]t is important to note that in this answer and throughout the rest of the pleadings, the responses of the defense have been filed solely on behalf of defendant City of Philadelphia ... Moreover, the Law Department does not represent unknown and unnamed persons." Answer, ¶ 3. Plaintiff was given the opportunity to develop facts to support the existence of such a shared representation, but failed to do so. In the absence of such a showing, I do not find sufficient evidence to permit an inference that these defendants had notice of the institution of this lawsuit within the period specified in Rule 15(c).

## B. Identity of Interest Method

■ The second method of constructive Rule 15(c) notice mentioned by the Third Circuit in *Singletary* is the identity of interest method. This method involves a situation in which the "parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1499, at 146 (2d ed.1990) (*quoted in Singletary*, 266 F.3d at 197). This method of imputing notice for the purposes of Rule 15(c) has been explicitly endorsed by both the Supreme Court and the Third Circuit. *See Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Singletary*, 266 F.3d at 198. The relevant question for purposes of this inquiry is whether there is a sufficient identity of inter-

est for notice to be imputed. *See Singletary,* 266 F.3d at 198.

In applying the identity of interest method, the Third Circuit analyzed several cases from other circuit and district courts. In particular, it looked at a Fifth Circuit case where a § 1983 claim had been brought against the City of New Orleans and the Sheriff, as well as several unnamed officers. The plaintiff sought to amend the complaint to add newly named officers and the Fifth Circuit permitted the amendment, finding a sufficient identity of interest for constructive notice to be inferred. *See Jacobsen v. Osborne,* 133 F.3d 315 (5th Cir.1998).[2] The Third Circuit also examined a First Circuit case in which notice was imputed where a newly added prison guard defendant had continued close contact with the plaintiff. *See Ayala Serrano v. Lebron Gonzalez,* 909 F.2d 8 (1st Cir.1990). The Third Circuit rejected both *Jacobsen* and *Ayala Serrano,* instead choosing to follow the logic of the district court in *Keitt v. Doe,* which concluded that police officers working for Amtrak did not have a sufficient identity of interest with Amtrak for notice to be imputed. *Keitt v. Doe,* 1994 WL 385333 (E.D.Pa.1994). The Third Circuit adopted the position that "non-management employee[s] ... d[o] not share a sufficient nexus of interests with [their] employer so that notice given to the employer can be imputed to the employee[s] for Rule 15(c)(3) purposes." *Singletary,* 266 F.3d at 200.

The holding of *Singletary* clearly instructs as to the result in this case. The Third Circuit specifically chose not to follow a Fifth Circuit case whose facts were essentially identical to those in the case at bar. *See id.* Instead, Judge Becker adopted the position that Rule 15(c)(3) notice cannot be imputed to non-management employees under the identity of interest method, at least in the absence of additional factors such as continued close contact or a shared attorney. Plaintiff was given an opportunity to conduct discovery and develop evidence that either (1) the newly named defendants were management-level employees, or (2) there was continued close contact or a shared attorney.

However, she chose not to take advantage of this opportunity. In the absence of any evidence to the contrary, I find that all of the newly named defendants were non-management employees, to whom Rule 15(c)(3) notice cannot be imputed under the identity of interest method.

## Amendment of Complaint Prohibited

As plaintiff has not met the notice prong of the relation back test, I follow the lead of the Third Circuit and do not reach the third prong. *See Singletary,* 266 F.3d at 201. The amended complaint does not relate back to the original complaint and therefore, it cannot overcome the defense of the statute of limitations. Therefore, I will deny Lockwood's motion to amend her complaint to add the five individual police officers as defendants.

## *ORDER*

**AND NOW,** this 3rd day of January, 2002, upon consideration of the pleadings and supporting evidence submitted by the parties, it is **ORDERED** that:

(1) Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry # 12–1) is **DENIED.** The sole remaining defendant in this case is the City of Philadelphia.

(2) Plaintiff's Motion for an Extension of Discovery Relating to the Motion for Leave to File an Amended Complaint (Docket Entry # 12–2) is **DENIED.**

(3) Defendant's Motion for a Protective Order (Docket Entry # 13) is **DENIED.**

(4) A separate scheduling order will be issued.

---

**2.** A major factor in the Fifth Circuit's decision was the fact that the attorney for the original defendants was likely to represent the newly named defendants. *See id.* at 320.