**Eddie JONES, Plaintiff,**

**v.**

**Alfonza WYSINGER and Kevin Lucas, Defendants.**

No. 91 C 6059.

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1993.

Rick M. Schoenfield, Schoenfield & Swartzman, Randall S. Goulding, Law Offices of Randall S. Goulding, Chicago, IL, for plaintiff.

Martha Roess Barglow, John F. McGuire, Melvin L. Brooks, and Kelly Raymond Welsh, City of Chicago, Law Department Corp. Counsel, Chicago, IL, for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendant Alfonza Wysinger's motion to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. For the following reasons, the motion is granted.

## DISCUSSION

Plaintiff Eddie Jones ("Jones") commenced this lawsuit on September 24, 1991. One year earlier, according to Jones' complaint, defendants Kevin Lucas ("Lucas") and Alfonza Wysinger ("Wysinger") violated Jones' Fourth and Fourteenth Amendment rights. The constitutional violation allegedly occurred when the defendants detained Jones without reasonable suspicion, searched him without probable cause, and subjected him to the use of excessive force. Jones claims to have suffered "great bodily injury, ... a loss of his liberty, and ... great mental anguish." Jones now seeks $250,000 in compensatory damages and $250,000 in punitive damages from defendants, plus attorney's fees and costs.

Jones' original complaint named the City of Chicago, "John Does," and an "Officer Jackson" ("Jackson")[1] as defendants. On January 22, 1992, the only served defendant, City of Chicago, was voluntarily dismissed with prejudice. Jones filed his first amended complaint on April 8, 1992, naming as defendants Jackson and Lucas. On November 2, 1992, Jones filed instanter his second amend-ed complaint, naming as defendants Wysinger and Lucas. Defendant Wysinger has filed the instant motion to dismiss claiming Jones' purported claim based upon the September 23, 1990 incident is barred by Illinois' two-year statute of limitations period.

The Federal Rules of Civil Procedure provide a liberal policy for amending pleadings. Under Rule 15(a), leave to amend a party's pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Cates v. Morgan Portable Bldg Corp.,* 780 F.2d 683, 690 (7th Cir.1985). In the present case, however, Jones' second amended complaint goes beyond the liberal modification policy embodied by Rule 15(a). Rather than amending his pleadings as a matter of course, Jones' second amended complaint seeks to add to the complaint a new defendant, Wysinger, after the statute of limitations period has expired. Therefore, the actual issue before the court is whether Federal Rule of Civil Procedure 15(c) allows the second amended complaint to relate back to the original filing of this suit.

The four prerequisites to relate back an amendment adding a new party under Rule 15(c) are:

(1) the basic claim must have arisen out of the conduct set forth in the original complaint; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). Congress recently altered the *Schiavone* analysis by adopting an amended version of Rule 15(c). The amendment to Rule 15(c) was intended to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense," Fed. R.Civ.P. 15(c) Notes of Advisory Committee—1991 Amendment, and was intended to apply retroactively where to do so would be

---

1. Officer Jackson was later identified as Roberto Jackson.

"just and practicable." *Order Amending Federal Rules of Civil Procedure*, 111 S.Ct. Preface 813 (April 30, 1991).

■ Neither party has briefed the issue as to whether the new Rule 15(c) should be retroactively applied to the instant case. In light of the liberal pleading practice secured by Rule 8, courts have liberally applied the amended Rule 15(c) retroactively where to do so would allow a plaintiff access to the courts that would otherwise have been prohibited by the statute of limitations. *See Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 546 (5th Cir.1992) (retroactive application is appropriate as the outcome under *Schiavone* was inconsistent with the liberal pleading practices secured by Rule 8); *Hill v. U.S. Postal Service*, 961 F.2d 153, 155 (11th Cir. 1992) (amended Rule 15(c) may be applied retroactively to allow relation back of amendment to name a proper defendant, who was previously unidentified) (*citing Renslow v. City of Chicago*, No. 91 C 5560, 1991 WL 296732 at *1 (N.D.Ill. Jan. 14, 1991)); *Wilson v. City of Atlantic City*, 142 F.R.D. 603, 604–05 (D.N.J.1992) (applying amended Rule 15(c) retroactively to an amendment adding the proper identity of a "John Doe Defendant"); *Boliden Metech, Inc. v. United States*, 140 F.R.D. 254, 258 (D.R.I.1991) (to ignore the intent of the Advisory Committee on Civil Rules, the United States Supreme Court, and Congress by deciding this issue based on the requirements of a soon to be obsolete Rule is inequitable). Because justice impels strongly toward affording the plaintiff his day in court and because the absence of prejudice strengthens the conclusion that a complaint may be amended, the court will apply whichever Rule 15 would be most favorable to Jones.

The amended Rule 15(c) differs from the previous rule in two principle respects. First, a new subparagraph, 15(c)(3) was added, which revised the *Schiavone* analysis by requiring notification of a misnamed defen-

dant within the Rule 4(j) 120–day period for service of summons and complaint. Second, a new subparagraph, 15(c)(1), was added to provide an additional time period if a state statute of limitations were more liberal than the new Rule 15(c)(3). Essentially, the amended Rule 15(c)(1) provides that if the controlling limitations law affords a more forgiving principle of relation back than Rule 15(c)(3), that law will govern. Because Jones filed his amendment outside the Rule 15(c)(3) 120–day limitation period, and because Illinois relation-back law would not allow the addition of Wysinger to Jones' complaint,[2] the court will not apply the amended Rule 15(c) retroactively, but will utilize the *Schiavone* test that was in effect on the date Jones filed his original complaint.

■ As to the first condition of *Schiavone*, Wysinger agrees that the original and amended complaints have always concerned the same September 23, 1990 incident involving Jones and certain Chicago police officers. Wysinger, however, contends that neither the requirement relating to notice nor the requirement relating to mistake has been satisfied in this case. In general, the second requirements of the *Schiavone* test cannot be met if the added party is deprived of the defense of the statute of limitations. *Norton v. International Harvester Co.*, 627 F.2d 18, 21 (7th Cir.1980). "Such prejudice may not come into existence, however, if the added defendant has had sufficient notice of the institution of the action ... or if a sufficient identity of interest exists between the new defendant and the original one so that relation back would not be prejudicial." *Id.* at 20–21 (citing *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980)).

Jones does not claim that Wysinger had sufficient notice of this action; instead, Jones contends that a sufficient identity of interest exists between the City of Chicago, Jackson, and Wysinger so that the knowledge of the Corporation Counsel of the City of Chicago

---

**2.** Under Illinois law, amended pleadings relate back to the date of filing the original pleadings only if the correct defendant is actually served, albeit in the wrong capacity or as agent of another. *See* Ill.Rev.Stat. ch. 110 § 2–616(d); *see also Hailey v. Interstate Machinery Co.*, 121 Ill.App.3d 237, 238, 459 N.E.2d 346, 347 (1984) (service of

summons upon the correct defendant is required); *cf. Ashley v. Hill*, 101 Ill.App.3d 292, 56 Ill.Dec. 773, 427 N.E.2d 1319 (1981) (misnomer rule is narrow and applies only when an action is brought and served upon a party to be made a defendant).

(Corporation Counsel), defense counsel for all defendants since the start of this litigation, should be imputed to defendant Wysinger.[3] Specifically, Jones claims that Corporation Counsel "knew that Officer Wysinger was the other officer involved in the incident before the statute of limitations ran in September, 1992." Although Jones concedes that Wysinger could have chosen to be represented by private counsel, Jones claims there nevertheless "was imputed knowledge to defendant Wysinger prior to the expiration of the statute of limitations."

Despite Jones contentions, none of the previously named defendants have a sufficient identity of interest to impute "notice of the institution of the action." Fed.R.Civ.P. 15(c)(3). The identity of interest principle is usually applied if " 'the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate.' " *Norton v. International Harvester Co.*, 627 F.2d 18, 21 (7th Cir.1980) (*quoting Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir.1979)).

In the present case, Wysinger is not "substantially identical" to any of the previously named defendants nor the Corporation Counsel. The mere fact that Wysinger, Lucas and Jackson were on the same police force and are represented by the same counsel is insufficient to establish an identity of interest sufficient to impute notice. *Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980) (police officer who had been deposed prior to the expiration of the limitation period and who had same legal counsel as original named officers lacked identity of interest with original defendants); *see also Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.1982) (no identity of interest between United States Department of Justice and United States, even though Department of Justice lawyers defendant the government); *Simmons v. Fenton*, 480 F.2d 133, 136 (7th Cir.1973) (no

identity of interest between mother and defendant minor daughter, even though mother had full knowledge of lawsuit both personally and through her representative). Wysinger, Lucas, Jackson, and Corporation Counsel are separate entities, and the record reveals no relationship between any of the defendants that demonstrates the existence of an identity of interest. Accordingly, Wysinger did not have notice sufficient to that which is contemplated by the second component of the *Schiavone* rule.

In addition to failing the second requirement of the *Schiavone* test, Jones has also failed to satisfy its mistake requirement. To add Wysinger to the complaint, Jones must show that Wysinger knew or should have known that, but for a mistake concerning his identity, he would have been named as a defendant in Jones' original lawsuit. Fed. R.Civ.P. 15(c). This provision of Rule 15(c) was intended to allow the correction of a misnomer after the relevant limitations period has run; it was not intended to assist a plaintiff who failed to notice a potential party. *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857–58 (9th Cir.1986). Rule 15(c) is inapplicable where the plaintiff has simply failed to ascertain the correct defendant before the statute of limitations has expired. *Wood*, 618 F.2d at 1230. "[R]elation back is generally allowed in order to correct a misnomer of defendant where the proper defendant is already in court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." *Id.* at 1229 (*citing Oliefabrik v. Smith Corp.*, 22 F.R.D. 33, 36 (E.D.Wisc.1958)).

Although Jones claims that this is a case of misnomer, the record fails to indicate that Jones was mistaken as to the identity of the proper party. While Jones may be correct in stating that "one [defendant] was correctly named and the other was not," the mistake

---

**3.** The identity of interests concept provides that the filing of the lawsuit serves as notice to added defendants if the original and added defendants are so closely related in business or other activi-

ties that it is fair to presume that the added defendants were aware of the institution of the lawsuit. 6A Wright & Miller, Federal Practice & Procedure § 1499 at 146 (1990).

was caused by Jones' lack of knowledge as to the identity of Wysinger, not a mistake in his name. In essence, Jones is attempting to argue for a fictitious pleading practice, which is not envisioned by Rule 15(c). To permit Jones' amended complaint to relate back under Rule 15(c) would misconstrue the mistake requirement of the rule.

In conclusion, Jones has failed to satisfy both conditions under Rule 15(c), as construed by the *Schiavone* court, regarding notice and mistake. Wysinger lacks sufficient identity of interest with any other party so as to impute notice of this action as required by the notice component of Rule 15(c). Furthermore, Jones' second amended complaint does not correct a misnomer as to Wysinger, as required by the mistake portion of Rule 15(c), but impermissibly attempt to substitute Wysinger for Jackson. Because Jones has failed to satisfy at least two of the four requirements under Rule 15(c), Wysinger's motion to dismiss is granted.

## CONCLUSION

By waiting more than two years after occurrence of the incident alleged in the complaint to add Wysinger to the complaint, Jones took the risk that substitution of defendants might have been barred by the statute of limitations. Because the second amended complaint, adding Wysinger as a defendant, does not relate back to the filing of the original complaint, the court dismisses Wysinger with prejudice.

IT IS SO ORDERED.