**Paul MAIOR, Ivan Maior, and Victoria Maior, Plaintiffs,**

v.

**Dennis KOLETSOS, et al., Defendants.**

**No. 92 C 1131.**

United States District Court, N.D. Illinois, E.D.

April 7, 1993.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, for plaintiffs.

Richard T. Ryan, Mark F. Smolens, Richard L. Jones, Flynn, Murphy, Ryan & Seyring, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

This case arises out of a confrontation between the plaintiffs and certain Wood Dale, Illinois, police officers on May 6, 1990. It has been set for trial, but with one significant open issue—who are the defendants?

The original complaint, filed in February, 1992, well less than the two-year federal limitation period, named as defendants Koletsos (although spelled as Koletzo), Officer Wes Bland, Officer Barnes, unknown police officers and the City of Wood Dale. On May 14, 1992, after the end of the limitation period, discovery was initiated that eventually led to an amended complaint naming Koletsos (spelled correctly), Bland, Officer Terrence Scott Baney, Officer John Sepot, Officers John Duffy or Ron Murray, and the City of Wood Dale. The defendants have now moved to dismiss Baney, Sepot and Duffy/Murray.

Plaintiffs insist that those parties relate back to the original pleadings pursuant to Fed.R.Civ.P. 15(c), and, for good measure, they point out that defendants were slow and not very forthcoming about discovery. The discovery was not initiated, however, until after the limitation period ran. Plaintiffs are, therefore, stuck with seeking to squeeze within Rule 15(c). That rule permits relation back if the claims asserted against the "new" parties arose out of the same occurrences as

in the original complaint (they do) and the "new" party, within the prescribed service time, has notice of the action so as not to be prejudiced in his defense and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Rule 15(c) was added to change the result in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). As the Advisory Committee Notes make clear, the rule change allows correction of a formal defect such as a misnomer or misidentification. That may be the result of a misspelling and, indeed, "Koletsos" was corrected without objection. He knew he was in the lawsuit, whether his name was spelled correctly or not. Baney is a closer call. Plaintiffs say that "Barnes" was really Baney. The question is whether Baney so understood that and knew he was in the lawsuit from the start. The record is unclear on that, and we defer ruling on the motion as it relates to him until that is clarified. Sepot and Duffy/Murray were not, however, misnamed. They were not named at all, and they cannot be added after the limitation period has run. Naming the City of Wood Dale doesn't toll the statute against all its police officers, although, for example, if plaintiffs had named the Wood Dale Police Department as a defendant, then that could be corrected to name the proper governmental entity. Does suing "unknown police officers" change anything? We think not, because that would carry the concept of misnomer too far. Those officers were not mistakenly named; they were, rather, unknown (although it appears that at least one plaintiff knew of Sepot right from the start). *See Davis v. Frapolly*, 742 F.Supp. 971, 973 (N.D.Ill.1990). We do not believe that naming "unknown police officers" can extend the limitations period by 120 days. Fed.R.Civ.P. 15(c)(3) Advisory Committee Notes on 1991 Amendment.

The motion is granted with respect to defendants Sepot and Duffy/Murray. It is continued with respect to defendant Baney.