**Brett S. SENDOBRY, Plaintiff,**

v.

**Trooper Mark A. MICHAEL, et al., Defendants.**

**Civ. No. 94–1094.**

United States District Court, M.D. Pennsylvania.

Jan. 5, 1995.

---

472

William L. McLaughlin, Jr., William L. McLaughlin Law Offices, Paoli, PA, for plaintiff.

Kate L. Mershimer, Deputy Atty. Gen., Harrisburg, PA, Gerard J. Geiger, Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, PA, and Platte B. Moring, III, Allentown, PA, for defendants.

### MEMORANDUM

VANASKIE, District Judge.

### I.

This is a civil rights action under 42 U.S.C. §. 1983 arising out of the July 14, 1992 arrest of plaintiff Brett S. Sendobry ("Sendobry"). In his complaint filed on July 12, 1994, two days before the statute of limitations expired, Sendobry alleged, *inter alia*, that defendants Thomas Scales and Mark Michael, members of the Pennsylvania State Police, employed excessive force in effecting Sendobry's arrest.

On August 21, 1994, Sendobry filed an Amended Complaint, adding Pennsylvania State Police Trooper Thomas Jones as a defendant. The Amended Complaint alleged, *inter alia,* that Jones also employed excessive force during the July 12, 1992 incident.

On November 10, 1994, defendants Michael, Scales, and Jones (hereinafter referred to collectively as the "Defendant Troopers") moved for partial judgment on the pleadings. The motion raised the defense of sovereign immunity with respect to Sendobry's pendent state law claims. Sendobry has conceded that the state law tort claims against the Trooper Defendants are barred by sovereign immunity, and has voluntarily dismissed those claims as against the Defendant Troopers. (Dkt. Entry # 22 p. 3.) The motion for partial judgment on the pleadings also sought dismissal of the action against Trooper Thomas Jones as barred by the applicable two year statute of limitations. Sendobry contends that the amended complaint filed shortly after the statute of limitations expired should relate back to the filing of the action on July 12, 1994. For the reasons set forth below, the motion for judgment on the pleadings raising the statute of limitations defense will be denied.[1]

### II.

Rule 15(c) of the Federal Rules of Civil Procedure, in pertinent part, provides:

An Amendment of a pleading relates back to the date of the original pleading when . . .

(2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the sum-

---

1. Plaintiff also named as defendants the Warden of the Monroe County Correctional Facility (Brian Hill) and Prison Health Services, Inc. The claims against those defendants are not relevant to the Defendant Troopers' Motion. It should also be noted that Sendobry's complaint initially included a claim under 42 U.S.C. § 1985, which has since been voluntarily dismissed.

mons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

It is clear that the claims asserted against Trooper Jones arose out of the same occurrence set forth in the original pleading. Thus, Fed.R.Civ.P. 15(c)(2) is satisfied.

■ Trooper Jones has conceded that he received notice of the action within the Rule 4(m) service period.[2] Rule 15(c)(3)(A) requires that a party receive notice of an action so that the party will not be prejudiced in maintaining a defense to the action. Notice does not have to be formal to be effective under Rule 15(c). Fed.R.Civ.P. 15 advisory committee's note (1966). *See Varlack v. SWC Caribbean Inc.*, 550 F.2d 171, 175 (3rd Cir.1977). In *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1141 (E.D.Pa.1990), the court noted that "a growing number of courts and commentators [have concluded] ... that sufficient notice may be deemed to have occurred where a party who has some reason to expect his potential involvement as a defendant hears of the commencement of the litigation through some informal means." In *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.*, 801 F.Supp. 1450, 1456 (E.D.Pa.1992), the court, *quoting Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 101–02 (1st Cir.1979), found that "notice may be imputed to parties added after the limitation period expired 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'"

Since notice is not at issue and Jones does not contend that he was prejudiced by the delay in adding his name to the Complaint, the sole remaining question is whether the addition of Jones is proper. Trooper Jones contends that Rule 15(c) only applies when

the plaintiff is correcting a defect in the original pleading, such as the misnomer or incorrect identification of a defendant. (Dkt. Entry # 30, p. 2.) This contention requires a determination of the reach of Rule 15(c)(3)(B), which authorizes relation back if the party added by the amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

In *Heinly v. Queen*, 146 F.R.D. 102 (E.D.Pa.1993), *aff'd mem.*, 26 F.3d 122 (3rd Cir.1994), the plaintiff brought a § 1983 action against state police officers. Some of the officers were specifically named in the complaint and some were designated as "John Doe" defendants. After the statute of limitations expired, plaintiff moved to amend his original complaint to replace the "John Doe" defendants with the names of actual officers. The court held that relation back would be just and practicable where the Deputy Attorney General who represented both the original and the added defendants had sufficient notice of the action and knew or should have known that joinder of the officers was a distinct possibility. *Id.*

■ Plaintiff alleges, and for purposes of this motion the court accepts as true, that the complaint and the amended complaint were served on the highest ranking officer of the Swiftwater Barracks, the Senior Counsel for the State Police, and the Senior Deputy Attorney General. In the original complaint Trooper Jones was referred to as an unnamed officer. Whether an unnamed defendant is listed as "John Doe" or is simply unnamed is immaterial. A party who participated in conduct described in a complaint should reasonably expect to be named regardless of whether the caption refers to that party as "John Doe" or as an "unnamed defendant." Furthermore, as noted above, Jones had notice of the Complaint prior to the expiration of the Rule 4(m) deadline.

■ The final issue to be considered is whether the "mistake" provision of Rule 15(c)

---

2. *See* Dkt. Entry # 15, 8. During a case management conference conducted on December 22, 1994, counsel for Jones reiterated that Jones had notice of the action within the period required for effecting service of process under Fed. R.Civ.P. 4(m).

allows the addition of new defendants after the statute of limitations expires. In *Heinly*, the court noted that the "mistake" condition "is not limited to cases of misnamed or misdescribed parties, rather the Rule is widely understood to allow the addition of new parties that were never originally named or described." *Id.* at 107. Similarly, in *Advanced Power Systems*, the court stated "[in] view of the history of the application of Rule 15(c), the phrase 'a mistake concerning the identity of the proper party' should clearly not be read to limit its usefulness to cases of misnomer." *Advanced Power Systems*, 801 F.Supp. at 1457. The court explained:

> To do so would contravene the widely-held understanding that this rule allows, in certain circumstances, the addition of new parties that were never originally named or described. Moreover, a narrow reading of the phrase would wrongly divert attention from the "central element" of notice. The "mistake" condition does not isolate a specific type or form of error in identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy.

*Id.*

The mistake aspect of Rule 15 is "designed to insure that, prior to the expiration of the limitation period, the new defendant knew (or should have known) that his joinder was a distinct possibility." *Taliferro v. Costello*, 467 F.Supp. 33, 36 (E.D.Pa.1979). The new defendant, Trooper Jones, admits that he had notice of the action prior to the expiration of the Rule 4(m) service period. Once

Jones had notice, it is assumed that he realized his joinder in this action was a distinct possibility. Therefore, for the reasons discussed above, the addition of Trooper Jones should relate back to the filing of the original complaint.

An appropriate Order is attached.[3]

## ORDER

**NOW, THIS 5th DAY OF JANUARY, 1995,** for the reasons set forth in foregoing Memorandum, **IT IS HEREBY ORDERED THAT** the Defendant Troopers Motion for Partial Judgment on the Pleadings (Dkt. Entry # 14) is **DENIED.**

---

**3.** The cases upon which Trooper Jones relies are clearly distinguishable. Notice of the lawsuit was not given to the additional parties within 120 days of the filing of the complaint in *Wilson v. United States Government*, 23 F.3d 559 (1st Cir.1994), *Jones v. Wysinger*, 815 F.Supp. 1127 (N.D.Ill.1993), *Helmac Products Corp. v. Roth (Plastics) Corp.*, 814 F.Supp. 560 (E.D.Mich. 1992), and *Jacobson v. McIlwain*, 145 F.R.D. 595 (S.D.Fla.1992). The opinion in *Maior v. Koletsos*, 823 F.Supp. 497 (N.D.Ill.1993), is unclear as to whether an amended pleading was filed within 120 days of the filing of the original complaint. In any event, to the extent the holding in *Maior* and *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir.1993), as well as the dicta in *Jacobson, Helmac Products*, and *Jones*, suggest a result differ-

ent than that reached here, I decline to follow them. Contrary to the assertion of Trooper Jones, relation back does not place Trooper Jones in a position materially different than any other defendant who is sued near the expiration of the statute of limitations. The filing of the lawsuit, in and of itself, does not guarantee that notice of the lawsuit will be received within the limitations period. By requiring that the added party receive notice of the action within 120 days of the filing of the original complaint, the added party is assured of notification of the lawsuit within the same time frame in which the originally named defendants are to be provided with the requisite notice of the commencement of the case.